Conway B, J. It is contended by plaintiff’s counsel that the ageeement of the bank with Reardon is a release of him, and therefore also a release of Bozeman. It is true, if the bank had formally released Reardon, she would thereby have also released Boze-man. For it is well settled that a release of one of several obli-gors is a discharge of all. And on this point the authorities referred to by learned counsel are conclusive. But we cannot consider the bank’s agreement with Reardon a release; it is a covenant not to sue and to indemnify, which in its nature is not a release. If Reardon himself had been sued by the bank, he could not have, pleaded that the bank had released him, though he might have pleaded the covenant in bar; but even that would only be permitted to avoid circuity of action. Much less then could Bozeman plead a release or acquittance. In truth, the covenant with Rear-don neither releases nor protects him, and cannot avail him in his defence. It is unavailing to all except Reardon himself. Deane vs. Newall, 8 Term. R. 168. Lacy vs. Kinnaston, 3 Salk. R. 298. Cuyler vs. Cuyler, 2 John. R. 186. Harrison vs. Close & Wilcox, 2 John R. 448. The judgment is therefore affirmed.