DAVID M. MEEKER, Respondent, *v.* JOSEPH S. CLAGHORN and JOHN CUNNINGHAM, Appellants.

44    349
77 AD²456

Where the purchaser of goods upon credit is known to the vendor to be an agent of a known principal, the principal alone is responsible, unless credit is given exclusively to the agent, in which case the agent is alone responsible.

If the purchaser is an undisclosed agent, his principal not being known to be such, and credit is given to such agent, the vendor can hold responsible either the principal or the agent, at his election.

If the principal claims that the vendor knew him to be such, but gave credit exclusively to the agent, he assumes the burden of establishing this by clear proof, the presumption being that the credit is given to the principal.

The assignee of a cause of action by absolute assignment in writing, is " the real party in interest," within section 111 of the Code, notwithstanding it may appear that his assignor " expects to get the money if it is recovered " in the action.

(Argued January 9; decided May 1, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the first district, affirming a judgment in favor of the plaintiff, entered upon the report of a referee.

This is an action by the plaintiff, as assignee of J. B. & W. W. Cornell, to recover of the defendants, who were co-partners living at Savannah, in the State of Georgia, for a balance due upon a bill of iron work and cut stone, claimed

to have been furnished to the defendants in 1857. The articles were furnished for a building which the defendants were then erecting in Savannah, upon the order of their architect, Charles Shall. The defendants claimed that the articles were furnished by plaintiff's assignors, upon the credit of said Shall, and that they had paid him therefor; and the plaintiff claimed that they were furnished upon the order of said Shall, acting as agent for the defendants and upon their credit. The cause was referred to a referee who decided in favor of the plaintiff.

The assignment to the plaintiff was in writing and absolute in terms. Two of his assignors testified in substance on cross-examination, that "they expected to receive the amount recovered in the action."

*John E. Ward,* for the appellants, on the principal question, cited *Davis* v. *McKinney* (6 Coldwell, 15); *Patterson* v. *Gaudesque* (15 East, 62); *Addison* v. *Gaudesque* (4 Taunt., 574); *Taintor* v. *Prendergast* (3 Hill, 73); *Hyde* v. *Paige* (9 Barb., 150); *Paige* v. *Stone* (10 Metc., 160–9); *Rankin* v. *DeForest* (18 Barb., 143); *Thompson* v. *Davenport* (9 Barn. & Cres., 78); *Bates* v. *Burr* (4 Harr. (Del.), 130); *ex parte Hartop* (12 Ves., 352); Chitty on Cont., 207; Theobald Prin. & A., 325; Story on Agency, §§ 423, 446, 447; Story on Cont., § 169; 2 Smith Lead. C., 236, 240; 2 Livingston on Agency, chap. 11, page 247.

He also insisted that the plaintiff was not the real party in interest, citing *Cummings* v. *Morris* (3 Bosw., 560, 576); *S. C.* (25 N. Y., 625); *Lewando* v. *Dunham* (1 Hilt., 114); *Kilmore* v. *Culver* (24 Barb., 656).

*Edmund Randolph Robinson,* for the respondent, cited *Pentz* v. *Stanton* (10 Wend., 271); *McCabe* v. *Brayton* (38 N. Y., 196); *Reed* v. *Bd. of Education* (33 How., 237); *Grant* v. *Morse* (22 N. Y., 323); *Kirkpatrick* v. *Stainer* (22 Wend., 250, 255); *Stanton* v. *Camp* (4 Barb., 275, 277); *Owen* v. *Gooch* (2 Esp., 567); *Grew* v. *Kopke* (36 Eng. L. &

Eq., 396); *Oelrichs* v. *Ford* (23 How. U. S., 49); Hare & Wallace Am. Lead. Cases, vol. 1, page 625.

EARL, C. The principles of law applicable to this case are elementary and undisputed. If the defendants were known to be the principals in the transaction, and Shall only their agent, then they are alone responsible, unless credit was given exclusively to the agent, in which event the agent alone was responsible. If, however, the defendants were not known to be the principals, and credit was at the time given to Shall, who was in fact an undisclosed agent, then the vendors could hold for payment, at their election, either the agent or the principals. If Shall was not in fact the agent of the defendants, and furnished these articles to them upon his agreement with them, then the defendants are not responsible to the plaintiff. (*Pentz* v. *Stanton*, 10 Wend., 271; *Thompson* v. *Davenport*, 9 B. & Cres., 78; Story on Agency, §§ 267, 446, 447, 423; 1 Am. Lead. Cases, 607.)

Keeping these principles of law in view, this case involves only questions of fact. The defendants can claim exemption from liability upon only one of two grounds: 1. That Shall was not their agent, and that the vendors dealt with him as principal; or, 2. That the vendors knew the defendants to be the principals, and gave the credit exclusively to the agent.

As to the first ground, there is some evidence tending to show that Shall was the agent of the defendants, and acted as such. It does not appear that he had a contract to erect the building. He was simply the architect to furnish the plans, and order certain materials, and probably to superintend the construction, for all of which he was to have a certain percentage. His position as architect, and his relation to the defendants, were such as to authorize a pretty strong inference, that, in ordering material for the building, he was simply acting as agent for the defendants. One of the witnesses, a clerk of the vendors, testified that he had an interview with one of the defendants in New York, in which he

said "that they employed Mr. Shall to make the plans and specifications for the building, for which they were to pay him a certain percentage; that after the plans were made, they employed him to order for them the stone, iron, carpenter and mason work, for doing which they were to pay him a percentage." In the first letter which Mr. Shall wrote to the vendors, he informed them who his principals were, and that they were a "highly responsible firm." We must assume that Shall was in fact the agent of the defendants, and that the vendors knew it.

As to the second ground, the evidence should be quite clear that the vendors gave exclusive credit to the agent of known principals, before we can hold the principals exempt from liability. In all cases, where the principals seek exemption upon the ground that the credit was exclusively given to their agent, this should clearly appear, and they have the affirmative to show it; the natural presumption being, in all cases, that credit is given to the principal rather than to the agent. It is sufficient to say upon this branch of the case, that there is no conclusive evidence that the credit was given by the vendors, exclusively to the agent, and that they intended to look to him solely for their pay. It is true, that upon the ledger and day-book of the vendors, the articles were charged to Shall, and while this furnishes strong evidence that they were furnished upon his credit, it does not show it conclusively. The plaintiff gave some explanation, tending to weaken the effect of this evidence, and its weight under all the circumstances of the case, was for the referee.

The most that can be properly said in behalf of the defendants is, that the plaintiff made a very weak case. But if the circumstances of the case, and the evidence, and the legitimate inferences to be drawn from them tend in any degree to uphold the decision of the referee, we cannot disturb it; and it seems to me that this is such a case.

There is no sufficient evidence that Shall was the agent of the vendors, to receive payment for the articles furnished, in such a sense as to bind them by the payment the defendants

made to him, even if there is any competent evidence of such payment.

Within numerous decisions that have been made in this court and also in the Supreme Court, the plaintiff, under the absolute assignment in writing to him, is the legal holder of the claim against the defendants, and the real party in interest as plaintiff in this action.

I am, therefore, of the opinion that the judgment should be affirmed with costs.

All concur for affirmance, except LEONARD, C., not sitting.

Judgment affirmed with costs.