Pratt, J.
This is an appeal from a judgment entered upon the verdict of a jury at the county court of Orange county for the sum of $281.87, and also from the order of the court denying defendant’s motion for a new trial on the minutes.
The action was originally brought in justice’s court to-recover of the defendant the amount of a feed bill, which bill was created with the plaintiff by one James S. Buck, who at the time of the debt was made Was in the occupancy of the defendant’s farm in the town of Minisink, state of New York. The liability of the defendant for the debt contracted by Buck is sought to be sustained by virtue of an agreement entered into between the defendant and Buck, dated December 3, 1880, which agreement is set out in the complaint.
At the time the debt was made the defendant was not-present, and the negotiations were carried on between Buck and the plaintiff, and the charge was made to Buck exclusively, on the books of the plaintiff.
*73 Under the authorities cited by the plaintiff, the agreement created the relation of master and servant, or principal and agent, between defendant and Buck. Putnam v. Wise, 1 Hill, 234; Taylor v. Bradley, 39 N. Y., 129. The ruling of the court, therefore, to that effect was not error.
There is some evidence in the case going to show that the defendant specially authorized Buck to make the purchase and the plaintiff to deliver the goods. The jury found from all the facts that the defendant was the principal, and the evidence is abundant to sustain the finding. The plaintiff, however, charged the goods upon his books to Buck. This fact is not conclusive against his right to recover.
The court will look at all the surrounding circumstances with a view to ascertain the intent of the parties. That plaintiff intended to hold the defendant, the sole owner of the farm and stock, liable for the goods, seems reasonably clear from the evidence, and the jury have so found.
There is also proof going to show that defendant, with a full knowledge that plaintiff was delivering feed to Buck upon his (defendant’s) credit, ratified such deliveries and “promised to pay if plaintiff would let the bill run another month.”
The exceptions to the rulings of the court as to the admission were not well taken. It was competent for -the plaintiff to explain his system of bookkeeping and show why he made the charge to Buck instead of the defendant. The plaintiff was not endeavoring to prove a custom, but only to explain his own book. Arnold v. Allen, 9 Daly, 198; Meeker v. Claghorn, 44 N. Y., 349; Foster v. Persch, 68 id., 400.
We have examined the various exceptions, and find none presenting any error sufficient to warrant a reversal of the judgment, which must be affirmed, with costs.