## LANIGAN v. NORTH.

### Opinion delivered January 19, 1901.

1. CORPORATION—LIABILITY OF STOCKHOLDER FOR DEBTS.—The California statute which provides that "each stockholder of a corporation is individually and personally liable for such proportion of its debts and liability as the amount of stock or shares owned by him bears to the whole subscribed capital stock or shares of the corporation" (Cal. Civ. Code, § 322) creates a liability which is enforceable in the courts of this state, at law as well as in equity. (Page 65.)

2. SAME—LIABILITY OF STOCKHOLDER'S ESTATE.—Under the California statute making the stockholders of a corporation liable for a proportionate part of the corporation's debts, the estate of one who died owning stock in a corporation will be liable for its proportionate part of debts created by the corporation after such stockholder's death. (Page 65.)

3. SAME—ASSIGNMENT OF CLAIMS.—The assignment of claims against a corporation for the purpose of collection merely, if valid in the state where made, will entitle the assignee to bring an action thereon in his own name in this state. (Page 66.)

4. EVIDENCE—FOREIGN STATUTES.—A statute of another state cannot be proved from a volume which does not purport to be published by the authority of that state. (Page 67.)

5. ADMINISTRATION—AUTHENTICATION OF CLAIM.—Under Sand. & H. Dig., § 114, regulating the method of authenticating claims against estates, an affidavit by a person other than the claimant will not be sufficient unless it states that the affiant is acquainted with the facts sworn to, or has made diligent inquiry, etc. (Page 68.)

6. SAME.—Claims against an estate in favor of a corporation must be authenticated by the affidavit of the cashier or treasurer of such corporation, and not by the affidavit of the president. (Page 68.)

Appeal from Sebastian Circuit Court.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

The City Bank of Los Angeles, California, a corporation organized under the laws of California, became insolvent, and suspended business on the 19th of June, 1893, and is still insolvent. Thomas Lanigan of Fort Smith, Arkansas, now deceased, became a stockholder in the bank at the time of its organization. He at that time held 200 shares of the capital stock, of the par value of $20,000, and when the bank suspended his estate was still the owner of fifty shares of the stock of the par value of five thousand dollars. The bank was indebted to many persons among whom was the plaintiff, George M. North. Certain other creditors assigned their claims against the bank to North, under promise from him that he would account to them for the sums collected, less costs of collection. These claims were presented by North to the executrix of the estate of Lanigan in this state. The claims were disallowed, and notice of presentation to the probate court was waived by the executrix. The probate court rejected the claims, but on an appeal to the circuit court judgment was rendered in favor of the plaintiff, North, from which judgment the executrix of the estate appealed to this court.

*Hill & Brizzolara,* for appellant.

The California statutory liability of stockholders (see Civil Code of Cal. § 322) is not enforceable here. 148 N. Y. 9, 16, 17, citing 74 Pa. St. 52; 3 Daly, 288; 56 Pa. St. 19; 1 Brown (Pa.), 231; 34 Hun, 192; 1 Johns. 95; 34 Barb. 333; 146 U. S. 657; 96

N. Y. 248; 99 N. Y. 433; 140 N. Y. 230; 138 N. Y. 209. See also 154 Mass. 203; 144 Mass. 341; 161 Ill. 497, 507-8; 24 U. S. App. 607; 109 U. S. 371; 120 U. S. 747; 83 Fed. 288; 86 Fed. 45; 7 Oh. St. 341; 56 N. H. 114.; 51 Pac. 243; 40 Atl. 341 (R. I.)·; 166 Mass. 414; 15 Gray, 221; 4 Allen, 233; 134 Mass, 590; 34 Ark. 323. The claims sued on, having arisen since the death of the shareholder, were not provable against his estate. 61 Mo. 540; 83 Va. 81; S. C. 1 S. E. 599; 11 Gratt. 302; 21 Cal. 24; Woern. Am. Law Adm. 347. The claims were not properly authenticated and presented. Sand. & H. Dig. §§ 113, 118. Foreign laws are facts to be proven. 11 Ark. 157; 2 Cranch, 236-7. The court erred in allowing "Deering's California Code" to be introduced as evidence of the law of California, it not being a compilation published by state authority. 14 Ark. 141; 17 Ark. 154; 20 Ark. 592; 33 Ark. 645; 43 Ark. 209; 14 How. 400.

*T. W. M. Boone,* for appellees.

The California statute is not penal, but simply declares that the liability it imposes is part of the contract of stock subscribers, and that the corporators are not sureties for the corporation, but principal debtors as to its liabilities. 14 Cal. 265; 34 Cal. 503; 39 Cal. 674; 59 Cal. 107; 64 Cal. 117; 8 Cal. 696; 121 U. S. 43; 109 U. S. 371; 82 Cal. 653. The liability is enforceable in other states. 1 Cook, Corp. 419. This court will give the law the same interpretation as is given it by the California courts. 22 Ark. 125. With respect to this liability, the stockholder's estate is the owner of the stock. Cal. Code, § 322. That the liability can be enforced against the estate of a deceased stockholder, see: 1 Cook, Corp. § 248, p. 479n.; 67 Cal. 121; 121 U. S. 55; 109 U. S. 371; 19 Btalchf. 359; 35 Ark. 93; 56 Ark. 474; 91 Cal. 548. The objection that no copy of the claims was presented to the executrix cannot be raised here for the first time. 14 Ark. 471; 29 Ark. 243; 19 Ark. 224; 20 Ark. 424; 20 Ark. 45. The laws of California were properly proved. 1 Greenleaf, Ev. § 489.

RIDDICK, J., (after stating the facts.) This is an action under a statute of California by a creditor of an insolvent bank of that state against the estate of a stockholder of the bank who at the time of his death was a citizen of Arkansas. The action is founded in part on a debt due by the bank to the plaintiff, North, and also upon claims against the bank assigned to the plaintiff by certain other creditors of the bank.

The first contention made here is that the liability of a stockholder under the California statute should not be enforced in this state. The statute in question provides "that each stockholder of a corporation is individually and personally liable for such proportion of its debts and liabilities as the amount of stock or shares owned by him bears to the whole subscribed capital stock or shares of the corporation, and for a like proportion only of each debt or claim against the corporation. Any creditor of the corporation may institute joint or several actions against any of its stockholders for the proportion of his claim, payable by each, and in such action the court must ascertain the proportion of the claim or debt for which each defendant is liable, and a several judgment must be rendered against each, in conformity therewith," etc. Civil Code of California, § 322. The Supreme Court of California has decided that under this statute the individual corporator "does not occupy the position of surety, but that of principal debtor. His responsibility commences with that of the corporation, and continues during the existence of the indebtedness." "It has frequently been decided," says that court, "that members of a corporation who are answerable personally for the corporate debts and liabilities stand in the same position in relation to the creditors of the corporation as if they were conducting their business as a common partnership." *Mokelumne Hill etc., Co.* v. *Woodbury,* 14 Cal., 265; *Hyman* v. *Coleman,* 82 Cal., 653. It is not a penalty which the statute imposes upon the stockholder, but a debt which he assumes with the bank, and which can be enforced in the courts of this state. *Nebraska National Bank* v. *Walsh,* 68 Ark. 433.

Nor do we think that it is necessary that this liability of the stockholder should be enforced in a court of equity. The statute definitely fixes the proportion of each debt or claim for which the stockholder is liable. He is liable for such proportion "of each debt or claim against the corporation" as the amount of stock owned by him bears to the whole subscribed capital stock of the corporation. The liability of the stockholder on any debt of the corporation is thus fixed by the statute with absolute precision, and there is no necessity to go into a court of equity. We are therefore of opinion that this contention of the appellant must be overruled.

The next contention is that these claims are based on transactions had with the bank after the death of Lanigan, and that

for this reason the probate court had no jurisdiction to determine them, and they could not be proved against his estate. But by becoming a stockholder in the bank Lanigan obligated himself to pay the proportion of its debts imposed on him by the statute. He died while still owning the stock, and while this obligation on his part was still in force. When afterwards the bank contracted the debt sued on, his estate became bound for its proportional part of the debt. On this question I have myself felt some doubt, but conclude with the other judges that these claims were provable against the estate of Lanigan. See Sand. & H. Dig. § 110.

Again, it is said that the accounts against the bank were not assignable under our statute, and that the assignors should have been made parties. But these debts were contracted by the bank in California, and were assigned to the plaintiff in that state. It was shown that such claims were assignable under the laws of that state. If they were assigned in that state, the assignment vested the ownership in the assignee, and he could bring an action in his own name, either there or here. We look to the law of California in order to determine the effect of an assignment made in that state, and the effect of the assignments there was, as before stated, to vest the legal title to these choses in action in the plaintiff, North. Being the owner of the legal title, he was under our statute, as well as that of California, the real party in interest, and could bring this suit in his own name. For whenever by the *lex loci contractus* the assignment passes the legal title, the holder of such legal title may sue in his own name in whatever forum he may bring his suit. *Levy* v. *Levy*, 78 Pa. St. 507, 21 Am. Rep. 35; Story on Conflict of Laws (8th Ed.), § 354, p. 501; Minor's Conflict of Laws, 393, 510.

This ruling does not conflict with the decision in *St. Louis, Iron Mountain & Southern Railway Co.* v. *Camden Bank*, 47 Ark. 541, as counsel for appellant contends, for the account upon which the suit was brought in that case was assignable in this state. It was not assignable under our law, and came within the provision of our statute providing that "where the assignment of a thing in action is not authorized by statute, the assignor must be made a party." Sand. & H. Dig. § 5624. The reason that underlies this provision of the statute is obvious, for, when the assignment of a chose in action is not authorized by statute, the assignment does not pass the legal title, and the assignor, being still in law the owner, should be made a party. But neither the

statute nor its reason applies here, for the accounts sued on were assigned in California, where both parties to the assignment lived, and where the assignment was authorized by statute. The effect of that assignment being to vest the legal title in the assignee, we think, as before stated, that he could bring the suit in his own name there or elsewhere. The assignments are absolute, and transfer the accounts to the assignee without reservation of any right in the assignors, and it is not material here to consider whether they were made for collection or for some other purpose, as in either event the assignee, being the owner of the legal title, has the right to sue and collect the money. "Most of the courts," says Bliss in his work on Code Pleading, "have held that where negotiable paper has been endorsed, or other choses in action have been assigned, it does not concern the defendant for what purpose the transfer has been made, and, in an action by the transferee, he cannot, unless he has some defense, or holds some claim against the real owner, object that the suit is not in the name of the real party in interest. It is sufficient for him that the holder has a right to receive the money—that he will be protected from any other demand founded on the same claim." Bliss, Code Plead. § 51; Meeker v. Claghorn, 44 N. Y. 349; Allen v. Brown, 44 N. Y. 229.

The last contention of counsel for appellant is that the statute of California applicable to this case was not properly proved. We have proceeded thus far on the assumption that this statute was established by competent evidence, in order to dispose of questions which arise in the case, and we will now consider the point raised as to proof of the statute. The plaintiff offered to prove the statute by introducing a volume entitled, "The Codes and Statutes of Calofornia, compiled by F. P. Deering, of the San Francisco bar, and published by Bancroft-Whitney & Co." This work does not purport to be an official publication of the laws of California, though the evidence shows that it is generally accepted by the courts and members of the legal profession in California as containing a correct exposition of the statutes of that state. No doubt, this opinion of the profession is correct, but courts do not take judicial notice of foreign laws. They must be proved.[*] And the rule established in this state is that the statute of another state must be proved by the statute itself, or an authenticated copy

[*] By an act approved April 11, 1901, it is provided that "the courts of this state shall take judicial notice of the laws of other states." [Reporter.]

thereof, or by a book published under the official authority of that state. *McNeil* v. *Arnold*, 17 Ark. 154; *Dixon* v. *Thatcher*, 14 Ark. 141. The book introduced here was not published under the official authority of the state, and for this reason we must hold that the circuit court erred in admitting it as evidence of the law of California.

In addition to other points noticed, two of the claims upon which this action is founded were not authenticated as required by law. The affidavit attached to the claim of the Union Lime Company, a partnership, was made by F. O. Wyman, who does not show that he was a member of the firm, or that he was acquainted with the facts sworn to. The claim of the Los Angeles Lime Company, a corporation, was authenticated by the president of the company, when the statute requires that the affidavit of authentication be made by the cashier or treasurer. Sand. & H. Dig. §§ 114, 116. These claims should, under the requirements of the statute, be dismissed. The other claims appear to be authenticated as required by the statute.

For the reasons stated the judgment is reversed, and cause remanded for a new trial.