(83 Misc. Rep. 404)

## CLARKE v. WATT.

(Supreme Court, Appellate Term, First Department.   December 23, 1913.)

1. PRINCIPAL AND AGENT (§ 145*)—UNDISCLOSED PRINCIPAL—LIABILITY.

A party to a contract, bearing on its face evidence that the other party is only an agent contracting for the benefit of another, may assume that the latter is an undisclosed principal and liable as such.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520;  Dec. Dig. § 145.*]

2. PRINCIPAL AND AGENT (§ 146*)—LIABILITY OF PARTIES.

Where a principal makes a contract through his agent with one who knows that the principal is the real party interested in the transaction, though the contract is made in the name of the agent, the principal alone is liable unless credit is given exclusively to the agent, in which event the agent alone is liable.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527;  Dec. Dig. § 146.*]

3. PRINCIPAL AND AGENT (§ 145*)—LIABILITY OF PARTIES.

Plaintiff inserted in his magazine advertisements for the benefit of defendant, pursuant to a contract between plaintiff and an advertising agency.   It was not shown that plaintiff charged the work to the agency or gave credit exclusively to the agency, though he had demanded payment from it.   Defendant was not ignorant of the contract, and before the completion of the work he requested plaintiff to send him the full amount of the bill.   *Held*, that defendant was liable to the plaintiff under the contract, since plaintiff did not give credit exclusively to the agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 499, 513–520;  Dec. Dig. § 145.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John D. Clarke against E. Berri Watt, doing business under the firm or trade name of the National Authors Institute.   From a judgment of the Municipal Court entered for defendant on the dismissal of the complaint, plaintiff appeals.   Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Dudley E. Latham, of New York City, for appellant.
George Robinson, of New York City, for respondent.

WHITAKER, J.   This action was brought to recover for 14 insertions of defendant's advertisements in the magazine or paper of plaintiff's assignor, to wit, "The Lafayette College," a weekly publication. It is admitted that the advertisements were inserted, and that neither the plaintiff nor his assignor has been paid.   The advertisement advertised defendant's business, and the services rendered in connection therewith were solely for his benefit.

The defense is that the contract was made with the H. B. Kohler Advertising Agency and that the plaintiff's assignor extended the credit

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the H. B. Kohler Advertising Agency and not to the defendant; that the defendant had no dealings with the plaintiff's assignor.

[1] The contract introduced in evidence does not disclose the name of the defendant, but purports to be made between the plaintiff's assignor and the "H. B. Kohler Advertising Agency," so that it appears upon its face that it is an agency that is making the contract. The contract bears upon its face indisputable evidence that the advertising contracted for is for the benefit of some other person than the H. B. Kohler Agency. This being so, the plaintiff's assignor was entitled to assume that there was an undisclosed principal other than the advertising agency. This contract bears no date.

[2, 3] Previous to its execution, however, the H. B. Kohler Agency wrote to plaintiff's assignor stating that it could give the plaintiff's assignor a "worth-while contract" for one of its clients, the "National Authors Institute," under which name defendant was doing business. The uncontradicted evidence of Mr. Latham shows that defendant was not ignorant of the employment of plaintiff's assignor by the Kohler Agency, and that, before the completion of the advertising, he requested the full amount of the bill of plaintiff. If the defendant was known to the plaintiff's assignor to be the principal in the transaction and the Kohler Agency his agent, the defendant alone would be liable to plaintiff, unless, the plaintiff's assignor gave credit exclusively to the Kohler Agency, in which event, of course, the Kohler Agency alone would be liable. Meeker v. Claghorn, 44 N. Y. 349; Foster v. Persch, 68 N. Y. 400.

The defendant having received the full benefit of the advertising, the agent virtually acting for both parties, and the agent having disappeared and become unresponsible, it is difficult to see the justice of the rule which allows the real beneficiary to escape payment and deprive the plaintiff of the fruits of his labor simply because he gave credit to the agent instead of the principal. Had the plaintiff's assignor not known who the real party in interest was, he might have held him legally liable upon discovering him, notwithstanding he had given credit exclusively to the agent. Meeker v. Claghorn, supra; Foster v. Persch, supra. This rule, which seems to be harsh and rather unreasonable in its distinction, is somewhat modified by the rule recognized in both cases, that the evidence that the credit was given to the agent must be conclusive, and it must be shown that the plaintiff intended to look solely to the agent for his pay; and that the plaintiff has the affirmative in establishing this fact. There is no proof in the case that plaintiff charged the work to the Kohler Agency, nor is there any affirmative proof that plaintiff gave credit solely to the Kohler Agency. There are letters from the plaintiff to the agency, it is true, demanding payment; but they do not indicate, and are not sufficient in our judgment to establish affirmatively, that the plaintiff charged the work to, and looked exclusively to, the Kohler Agency for his pay. As a matter of fact, the uncontradicted evidence of the witness Latham detailing the conversations with defendant rather negatives such a proposition, and, taking the uncontradicted evidence of the witness Latham and the facts disclosed by the record, we are of

the opinion that the case is fairly within the rule laid down in the case of Foster v. Persch, supra; and that the judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs.

LEHMAN, J. (dissenting). In my opinion, the contract introduced in evidence is not the contract of the defendant made by its agent, but is the individual contract of H. B. Kohler Co. The contract authorizes the plaintiff to insert an advertisement for a term of 15 weeks. It further provides:

"This advertisement is to be charged for at the rate of $25. per issue, less fifteen per cent commission. Bills to be rendered monthly payable thirty days. One copy of every issue containing advertisement must be mailed to H. B. Kohler, Advertising Agency.

"H. B. Kohler Advertising Agency, per C. B. Kohler."

The complaint alleges that the rate of payment was "twenty-five dollars per week, less 15 per cent. commission to said H. B. Kohler Advertising Agency." We therefore have a case where the H. B. Kohler Company makes a contract in its own name, and for a fixed price, including a commission to itself. In my opinion, even though the work was to redound to the advantage of a known client, this contract was a personal contract, made by the Kohler Agency in its own name, and for its own benefit, and for which the client is no more responsible than for the contract of any other independent contractor.

If, however, these views are incorrect, and the defendant can be considered a disclosed principal, then the judgment should still be affirmed. We have here a contract made by the agent in his own name; bills to be rendered monthly to him, and these bills to be made subject to a reduction of the amount of a commission to him. In addition, the proof shows that bills were actually sent to the agent from December to February, and payment demanded of the agent, while no demand was apparently made upon the defendant until March 6th. This evidence standing alone certainly shows exclusive credit to the agent. The only other evidence that I find in the record which could in any way be considered as having any material bearing on this question is the testimony of the witness Latham that on March 6th he said to defendant:

"Well, I'd like to have some payment on account."

Defendant then said:

"Well, I understand that Mr. Kohler has not been paying all his advertising bills, and that he has overdrawn his account with me, quite considerable, but I am disposed to further help him out."

And that, after some further conversation, Latham told the defendant that the ad. was still running in the Lafayette College weekly for him, and, after Latham asked defendant for a substantial payment on account, the defendant made a memorandum of the amount of the debt on the back of a card.

I do not think that the demand made after Kohler had failed to pay his bills for months, and had left the city, is sufficient to raise any question of fact in this case. The only reasonable inference is that the plaintiff recognized only the agent, and gave him exclusive credit until the agent proved irresponsible. If, however, conflicting inferences can be drawn from this testimony, then we must affirm the judgment which resolves the conflict in favor of the defendant.

Judgment should be affirmed, with costs.