## HOFFMAN v. AMERICAN TOBACCO CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

PRINCIPAL AND AGENT (§ 3*)—THE RELATION—CREATION AND EXISTENCE.

Where a tobacco company authorized a certain advertising concern to place advertisements for it, and such concern entered into an agreement with another advertising company, whereby the latter agreed to have defendant's advertisements inserted in certain publications, the latter advertising company was not the agent of defendant.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 3–9, 11, 12; Dec. Dig. § 3.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Edmund Hoffman against the American Tobacco Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Jonathan H. Holmes, of New York City, for appellant.

Dudley E. Latham, of New York City, for respondent.

PER CURIAM. The facts in this case are not disputed. The plaintiff published a college newspaper known as the Pennsylvania. A concern known as the F. E. Anspacher Company was in the advertising business, as was also a concern known as the Frank Presbrey Company. This latter company had authority from the defendant to place advertisements of its products. The Anspacher Company and the Presbrey Company entered into an agreement whereby the former agreed to have the advertisements of the defendant's products inserted in certain publications, of which plaintiff's was one, and the advertisements were so published by plaintiff. Defendant's business was all done with the Presbrey Company, and all advertisements placed by that company were paid by defendant to the Presbrey Company. The plaintiff sent his bills to the Anspacher Company, and that company in turn sent them to the Presbrey Company, who paid them; they sending the bills to defendant, who paid the Presbrey Company.

The theory of the plaintiff seems to be that the Anspacher Company was some sort of a subagent for the Presbrey Company, and in consequence became the agent of the defendant. There is nothing in the record, however, to support such a theory. There is a letter in evidence from the "Smoking Tobacco Department" on the defendant's letter paper, which recognizes the Presbrey Company as its "advertising agent"; but this letter merely shows a certain relationship between those parties, and in no way creates the Anspacher Company an agent for the defendant. This case differs in many respects from the case of Clarke v. Watt, 83 Misc. Rep. 404, 145 N. Y. Supp. 145, and that case is no authority for the judgment in this.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.