Delancey Kosher Restaurant & Caterers Corp., Respondent, v. Phil Gluckstern et al., Appellants, et al., Defendants.

Argued January 21, 1953; decided April 16, 1953.

*Abraham L. Pomerantz* and *William E. Haudek* for appellants. I. Plaintiff's predecessor conferred upon defendants a clear and unambiguous grant to open " Gluckstern " restaurants after 1945 without any territorial restrictions whatever. (*California Packing Corp.* v. *Sun-Maid Raisin Growers,* 81 F. 2d 674, 298 U. S. 668; *Waukesha H. M. Springs Co.* v. *Hygeia S. D. Water Co.,* 63 F. 438; *Genet* v. *Delaware & Hudson Canal Co.,* 163 N. Y. 173.) II. The establishment by defendants of a " Gluckstern " restaurant at 83 Norfolk Street does not violate the " regulation of competition convenant ". III. Plaintiff cannot prevail under the general rules of the law of "unfair competition " because the 1940 contract expressly defined the types of conduct which, as between these parties, should be deemed " fair " or " unfair ". IV. No public policy prevents enforcement of the 1940 contract. The right to sue for unfair competition rests upon the violation of private rights, not upon the public interest. (*American Washboard Co.* v. *Saginaw Mfg. Co.,* 103 F. 281; *Weener* v. *Brayton,* 152 Mass. 101; *Borden Ice Cream Co.* v. *Borden's Condensed Milk Co.,* 201 F. 510; *Federal Trade Comm.* v. *Klesner,* 280 U. S. 19; *Mosler Co.* v. *Ely-Norris Co.,* 273 U. S. 132; *Chamberlain* v. *Columbia Pictures Corp.,* 186 F. 2d 923; *Schlitz Brewing Co.* v. *Houston Ice & Brewing Co.,* 241 F. 817; *Cohn & Rosenberger, Inc.,* v. *Kaufman & Ruderman, Inc.,* 280 App. Div. 241; *Bennett & Sons* v. *Farmers' Seed &*

*Gin Co.*, 288 F. 365; *International Silver Co.* v. *Oneida Community*, 73 F. 2d 69.) V. Regardless of possible public confusion, the authorities unanimously uphold the validity of contracts, such as that at bar, regulating the methods and extent of competition as between two parties. (*Manhattan Shirt Co.* v. *Sarnoff-Irving Hat Stores*, 19 Del. Ch. 151, 20 Del. Ch. 455; *Jergens Co.* v. *Woodbury, Inc.*, 273 F. 952, 279 F. 1016; *Waukesha H. M. Springs Co.* v. *Hygeia S. D. Water Co.*, 63 F. 438; *American Crayon Co.* v. *Prang Co.*, 38 F. 2d 448; *California Packing Corp.* v. *Sun-Maid Raisin Growers*, 81 F. 2d 674, 298 U. S. 668.) VI. Plaintiff is not entitled to protection of the name " Gluckstern " since its use of that name is deceptive and fraudulent. (*Prince Mfg. Co.* v. *Prince's Metallic Paint Co.*, 135 N. Y. 24; *Neva-Wet Corp.* v. *Never Wet Processing Corp.*, 277 N. Y. 163; *Worden* v. *California Fig Syrup Co.*, 187 U. S. 516; *Manhattan Medicine Co.* v. *Wood*, 108 U. S. 218.)

*Irving Schneider* and *Kalman I. Nulman* for respondent. I. The agreement of June 1, 1940, which gives defendants the right to use the name " Gluckstern's ", by its express terms prohibits any use which suggests a connection between plaintiff's predecessor and defendants. The trial court found, on uncontradicted evidence, as did the court below, that defendants' use of the name " Gluckstern's " at 83 Norfolk Street, was fraudulently intended to, and did, violate this express condition of the contract. (*Martin* v. *Cope*, 28 N. Y. 180; *Lathers* v. *Keogh*, 109 N. Y. 583; *Dodge* v. *Zimmer*, 110 N. Y. 43; *Woolsey* v. *Funke*, 121 N. Y. 87; *Stewart* v. *Barber*, 182 Misc. 91; *G & G Wholesale Grocers* v. *Three G Wholesale Grocers*, 256 App. Div. 950.) II. Defendants acquired no right to engage in unfair and dishonest competition, steal plaintiff's good will and perpetrate a fraud upon the public by the agreement of June 1, 1940. The court below correctly found that defendants' selection of the disputed site fifty feet from plaintiff was designed to accomplish all of these things and constituted unfair competition as well as a violation of the contract. (*G & G Wholesale Grocers* v. *Three G Wholesale Grocers*, 256 App. Div. 950; *Forman Co.* v. *Forman Mfg. Co.*, 119 Misc. 87; *Mark Realty Corp.* v. *Hirsch*, 180 App. Div. 549.)

FROESSEL, J. In or about the year 1900, Simon Gluckstern opened a restaurant which presently has entrances on Delancey and Norfolk Streets in New York City. In due time it achieved a widespread reputation as a Rumanian kosher restaurant. In or about 1916 or 1917, Simon's twin brother, Louis, became associated with him in the business. In 1928 they formed a corporation known as " Gluckstern's, Inc.", each owning half its stock, and to which they transferred this business. In 1940 differences arose between them resulting in litigation which was subsequently settled. With the advice and under guidance of counsel, the settlement was embodied in a written agreement executed by Simon and Louis, and their respective sons, Samuel and Philip, who were employees and directors of the corporation.

The agreement provided, among other things, for the sale by Louis of his stock to Simon, and for the resignations by Louis and Philip of their positions in the corporation. The agreement also contained a covenant on the part of Louis and Philip that " they will not at any time during the period of five years * * * directly or indirectly engage in or become interested * * * in the restaurant * * * business " in an area bounded by 23rd Street, the East River, the Battery, the Bowery and Third Avenue. Louis and Philip also agreed that during said five-year period they would not give to any person the right to use the " Gluckstern " name. The agreement then continued: " All of the above restrictions shall cease and terminate at the expiration of five years or prior thereto in the event of a default ".

In the succeeding twelfth paragraph the agreement provides that, except as to the aforesaid area, Louis and Philip " have the right at any and all times to engage in any business whatsoever including a restaurant * * * in their own names or otherwise, and that ' Louis ' and ' Philip ' have the right in connection with any business in which they chose to engage to use the name ' Gluckstern ' or ' Gluckstern's ' in the title of or in connection with the business. In the event that ' Philip ' or ' Louis ' or either of them shall engage in the restaurant business, and in connection therewith use the name ' Gluckstern ' or ' Gluckstern's ', the said ' Louis ' and ' Philip ' covenant and agree that they will not represent that their said

business is a part of or that they are interested in the business of Gluckstern's, Inc. or that Gluckstern's, Inc. has removed its business from its present address, 135 Delancey Street, or that Gluckstern's, Inc. is no longer engaged in business at its present address, 135 Delancey Street." At or about the same time, the corporate directors adopted a resolution authorizing Louis and Philip "to use the name ' Gluckstern ' or ' Glucksterns ' in conjunction with any other words * * * but said name must be one that will not conflict with the name Gluckstern's, Inc. in the opinion of the Secretary of State."

Thereafter, Louis and Philip opened two kosher restaurants in midtown Manhattan, one at 157 West 49th Street in the name of the corporate defendant Gluckstern's Restaurant, Inc., and the other at 209 West 48th Street in the name of the corporate defendant Phil Gluckstern's Restaurant, Inc. No question whatever is raised as to the right of defendants to conduct such businesses in the names of these corporations, and they were in operation at the time of the trial.

By an agreement dated December 21, 1951, and a bill of sale dated March 10, 1952, plaintiff purchased from Gluckstern's, Inc., the physical assets of its business and the " goodwill " thereof, but, as " to the use of the name ' Gluckstern's ' ", plaintiff was given only a " non-exclusive license " on certain specified terms and conditions, one of which was a " license to the use of said name only so long as the Buyer shall remain the owner of said restaurant business, as hereinafter provided."

After the bill of sale had been delivered and preparations for renovation were under way, Philip, Louis' son, having leased a site across the way from the Norfolk Street entrance of Gluckstern's, Inc., posted a sign outside his premises announcing: " Opening for Passover ", " The Original Gluckstern's Restaurant", and containing the following legends: " Two Generations of Service ", " Mid-Town Branch 157 W. 49th St., N.Y.".

Plaintiff thereupon instituted this action for injunctive relief. Defendants by way of counterclaim demanded that plaintiff be restrained from conducting a kosher restaurant in New York City under the name " Gluckstern's ", and for related relief. After a trial before a special referee, a sweeping injunction

was granted to plaintiff prohibiting defendants, among other things, " from continuing the use of the name ' Gluckstern's,' or any derivative of such name, in connection with the restaurant business within twelve city blocks in every direction from plaintiff's present restaurant business ". Defendants' counterclaim was dismissed upon the merits.

The Appellate Division modified the judgment to the extent of reducing the geographical limitation from twelve to " three city blocks in every direction from plaintiff's present restaurant business " and affirmed in all other respects. Defendants appeal from the judgment of modification and affirmance.

We think the courts below were clearly right in dismissing defendants' counterclaim. As to the affirmative relief granted to plaintiff, defendants acquiesce in the restraint placed upon them as to the use of the words " Original Gluckstern's " and " Two Generations of Service ". Their primary contention here is that, by reason of their " contract rights " following the expiration of the five-year limitation period, the judgment should be modified by authorizing them to operate their Norfolk Street restaurant under the name " Phil Gluckstern's ", and they are willing to add thereto " such legends as will preclude any possible claim that the regulation of competition covenant is breached ".

In the final analysis, then, the question presented is whether, in the light of the 1940 agreement and resolution, the Appellate Division had the right to impose the " three city blocks " limitation. At the outset, it should be kept in mind that we are dealing with an express contract between parties, which by its terms defines what conduct is to be deemed fair or unfair, and such contract, rather than general principles relating to unfair competition in the absence of agreement, must govern. In this view, while the courts below were warranted in their determinations in other respects, they were not authorized to erect boundaries never agreed upon by the parties, whether at a distance of three or twelve city blocks from plaintiff's premises. Such total restraint in the area of plaintiff's business would be in conflict with the agreement.

Under the settlement agreement, Louis and Philip had the right after five years " to engage in any business whatsoever

including a restaurant  *  *  *  in their own names or otherwise, and  *  *  *  to use the name ' Gluckstern ' or ' Gluckstern's ' in the title of or in connection with the business '', without any territorial restriction.  The intention of the parties was clearly and unambiguously set forth, and, when so expressed, '' ' effect must be given to the intent as indicated by the language employed ' '' (*Matter of Western Union Tel. Co.,* 299 N. Y. 177, 184).  We have no right, under the guise of construction, to excise from the settlement agreement the rights and obligations of the parties as defined by them, nor may we add thereto (*Friedman* v. *Handelman,* 300 N. Y. 188, 194).

The only limitation on that right after the five-year period, so far as here pertinent, was that Louis and Philip '' will not represent that their said business is a part of or that they are interested in the business of Gluckstern's, Inc.''  The question remains, then, whether defendants made such representation with respect to their Norfolk Street premises.  The evidence in that connection is the use of the words '' Original Gluckstern's '' and '' Two Generations of Service '', as to which they have been properly restrained.  So long as defendants do not make the representations forbidden in paragraph twelfth, they have a contractual right to conduct a restaurant business anywhere in the city, for no territorial restrictions were imposed after the first five years, and no public policy was thereby violated.  That was their contract, and the courts have no right to abrogate it.  Consent does not give rise to liability (Restatement, Torts, § 754).  It cannot therefore be said that merely locating across the way from plaintiff's business is a violation of the so-called regulation of competition covenant.

The right to sue for unfair competition depends on the violation of private rights rather than the public interest (*Federal Trade Comm.* v. *Klesner,* 280 U. S. 19, 27; *Borden Ice Cream Co.* v. *Borden's Condensed Milk Co.,* 201 F. 510, 513; *Weener* v. *Brayton,* 152 Mass. 101, 103; 2 Nims, Unfair Competition and Trade-Marks [4th ed.], § 416, p. 1306).  In any event, where the parties or their predecessors have regulated the methods and extent of competition between them by agreement, such agreement controls (*Manhattan Shirt Co.* v. *Sarnoff-Irving Hat Stores,* 19 Del. Ch. 151, 163–165, affd. 20 Del. Ch. 455; *Jergens*

*Co.* v. *Woodbury, Inc.,* 273 F. 952, 966–967, affd. 279 F. 1016, certiorari denied 260 U. S. 728; *Tode* v. *Gross,* 127 N. Y. 480; 52 Am. Jur., Trademarks, Tradenames, etc., § 38, p. 530).

In view of defendants' use of the words which the courts below have properly restrained, they might reasonably have been required to employ some designation showing clearly that they did " not represent that their said business is a part of or that they are interested in " plaintiff's business, and this they are willing to do (see *Herring-Hall Marvin Safe Co.* v. *Hall's Safe Co.,* 208 U. S. 554). Inasmuch as Special Term has provided in its judgment that plaintiff may " apply. on notice at any time at the foot of this judgment for such further or other injunctive relief against the defendants   *   *   *   as the exigency of the case may warrant or require ", plaintiff may avail itself of such right if and when it be so advised.

The judgment entered upon the order of the Appellate Division and that of Special Term should be modified in accordance with the opinion herein, and, as so modified, affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment accordingly.