DELANCEY KOSHER RESTAURANT & CATERERS CORP., Appellant-Respondent, *v.* PHIL GLUCKSTERN et al., Respondents-Appellants, et al., Defendants.

*Per Curiam.* In this action to restrain defendants from acting in unfair business competition with plaintiff, the Court of Appeals modified the judgment on a former appeal (305 N. Y. 250) to eliminate the geographic boundaries that had been imposed on the operation of defendants' business.

But in recasting the judgment, it was left open to the Supreme Court to determine the question of what restraint should be imposed on the defendants' use at their Norfolk Street restaurant of a name, and legend in connection with the name, to prevent encroachment on plaintiff's business.

The opinion in the Court of Appeals expressed the view that defendants might reasonably have been required " to employ some designation showing clearly that they did ' not represent that their said business is a part of or that they are interested in ' plaintiff's business " (p. 258).

The question is thus left to the Supreme Court to determine what is a proper designation which will allow scope for the advertisement of defendants' own restaurant business but which will not associate it with plaintiff's business. Both sides applied to the Special Term for modification of the judgment.

Defendants' motion sought the right to use the name " GLUCKSTERN'S RESTAURANT " with the legend: " The one and only owned and operated by a Gluckstern ". The Special Term denied this application with the observation that defendants thus sought by motion to obtain " what all the Courts have denied to defendants."

Plaintiff moved separately for relief at Special Term, with the result that a modification was made in the judgment which plaintiff regards as adverse to its interests and it appeals. Defendants appeal from the denial of their motion.

In reaching toward a solution of this controversy it would be difficult for us to improve upon a suggestion for a name to be used by defendant's restaurant and a legend in connection with it, which at one time or another in the course of this litigation was treated by both sides as acceptable.

In the Court of Appeals defendants asked modification of the judgment against them to permit the operation of their Norfolk Street restaurant under the name of " Phil Gluckstern's " and stated their willingness to " add such legends as will preclude any possible claim " that the competition provisions of the contract between the parties was breached. (305 N. Y. 256.)

In defendants' brief in the Court of Appeals defendants expressed their willingness to add to the name " Phil Gluckstern's " either of the following legends: " Branch of 157 W. 49th St." or " Only Branch of 49th St." Plaintiff did not accept this suggestion on the prior appeal; but now plaintiff expresses satisfaction with the designation formerly proposed by defendants. Defendants now want to use the name " Gluckstern's."

We regard the form of name and legend, which at different points of the progress of this litigation won either the suggestion or the support of both parties, as a feasible pragmatic solution of this continuing controversy.

The order denying defendants' motion should be affirmed. The order entered on plaintiff's motion should be modified by directing that the sign to be used by defendants shall use the name " Phil Gluckstern's " and be accompanied by a legend indicating that the Norfolk Street restaurant is a branch of the Phil Gluckstern establishments now located in the Forties and, as thus modified, should be affirmed, with $20 costs and disbursements. Settle orders.

Peck, P. J., Dore, Breitel, Bastow and Bergan, JJ., concur.

Order denying defendants' motion unanimously affirmed. Order entered on plaintiff's motion unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the respondents. Settle orders on notice. [See *post*, pp. 784, 944.]