KENNETH E. GALUSHA, Respondent, *v.* BENJAMIN SCHUB, Appellant.

Third Department, March 27, 1964.

*Norman Adams* (*F. Walter Bliss* of counsel), for appellant.

*Rapport & Rapport* (*Albert A. Rapport* of counsel), for respondent.

TAYLOR, J. In December, 1960 plaintiff purchased from defendant a large farm together with a herd of dairy cattle and the machinery, tools and equipment used in its operation. In part payment of the purchase price plaintiff conveyed his equity in an apartment house located in Ossining, New York, assumed the obligations of existing mortgages on the real

and personal property and executed and delivered to defendant second mortgages thereon. Following defaults by plaintiff in the payments due under the various mortgages, including those held by defendant, negotiations looking to a resolution of the dilemma culminated in a written agreement between the parties dated February 1, 1962. By its terms plaintiff agreed to reconvey the farm and to retransfer the personal property to defendant who in turn covenanted to reassume the obligations of the original mortgages, to cancel and discharge the bond and mortgage and the chattel mortgage executed and delivered by plaintiff in part payment of the purchase price and to pay plaintiff in installments the sum of $15,000 which the parties agreed was the value of plaintiff's equity in the real and personal property on the date of the agreement. It is not disputed that plaintiff duly performed all of its conditions on his part and that defendant failed to pay the agreed sum or any part thereof.

Alleging defaults by defendant under the agreement plaintiff sued to recover the total amount due. Defendant interposed two counterclaims. In the first he alleged that plaintiff had falsely represented the value of the apartment house and that its rents were within the limits permitted by the rent control authority. The second was predicated on an alleged breach of the terms of the mortgages consisting of plaintiff's failure to care for the cattle in a husbandly manner and to maintain the farm machinery in proper condition, his sale of several of the animals included therein without permission, the retention of the proceeds thereof and the conversion of a quantity of hay. Damages in the total sum of $61,000 were claimed.

Replying to the counterclaims plaintiff alleged that defendant accepted and received from plaintiff the reconveyance of the real property and the retransfer of the personal property in full accord and satisfaction of the causes of action therein stated.

The jury returned verdicts in favor of plaintiff for the full amount demanded and of no cause of action on the counterclaims. This appeal followed.

Appellant asserts as grounds for reversal of the judgment that he established the first counterclaim for fraud and deceit by a fair preponderance of the evidence " as a matter of law ", that the respondent failed to sustain the burden of proving the defense of accord and satisfaction and that the trial court erred in granting three requests to charge made by plaintiff.

On this record we think the issues presented by the first counterclaim were for the jury. By failing to move for a directed verdict defendant in effect so conceded. (*McManus* v.

*Edmunds,* 11 A D 2d 740; *People* v. *Davis,* 231 N. Y. 60, 63; *Kluttz* v. *Citron,* 2 N Y 2d 379, 382.) The issue of accord and satisfaction involved a pure question of intention. Since the written agreement contained no unequivocal language expressive of intent, the resolution of this factual issue was dependent upon the evidentiary inferences to be drawn from the conversations and negotiations of the parties, the surrounding circumstances and the complex of transactions involved. (*Goldbard* v. *Empire State Mut. Ins. Co.,* 5 A D 2d 230, 234.) It does not appear that the jury could not have reached the conclusion which it did on any fair interpretation of the evidence.

With the exception of the court's grant of a request to charge which stated that in the negotiations which led to the agreement of February 1, 1962 "the mutual demands and claims of the parties were considered, and there is a presumption that all the demands in favor of either party were liquidated by the settlement of the agreement of February 1, 1962" we find no error. Immediately thereafter the court granted two requests to charge presented by defendant's counsel obviously designed to eliminate any confusion which may have been engendered in the minds of the jury by the grant of the preceding request, the first of which stated "that the jury must answer the question, was it the intention of the parties to settle all differences in the agreement made in February of 1962?" In the second, the jury was instructed that the written agreement "makes no specific references to the settlement of all differences, but is merely a repurchase of Galusha's interest in the farm." In the context of this group of instructions we conclude that the error noted was not of sufficient gravity to warrant a new trial.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment affirmed, with costs.