William M. Perry, J.
Trial of the above matter held on the 3d day of January, 1969, at the Third District Court of the County of Suffolk, at Huntington, New York. After trial the court finds the facts to be as follows:
The defendant Tire Supply had, for a period of time prior to May of 1967, placed advertisements in the plaintiff, Penny-saver, newspaper. Thereafter, advertisements for Tire Supply were placed by the defendant Palmer, Willson and Worden, Inc., an advertising agency. These advertisements were placed with the plaintiff by insert orders on the defendant Palmer’s letterhead, wherein a description of the advertisement was set forth and contained certain terms and conditions appearing on the back of the orders. The dates of the insert orders were May 23, June 7 and June 9, 1967. These orders provided that the defendant advertising agency was to be solely responsible for payment and all invoices were to be sent to the defendant advertising agency, Palmer. The plaintiff completely performed pursuant to these orders by inserting the advertisements and by sending the invoices to Tire Supply in care of Palmer, Willson and Worden. Invoices were not sent to Tire *269 Supply. It appears from the testimony that Tire Supply paid Palmer for advertisements in the sum of $1,671.60, the amount being sued for by plaintiff.
The insert orders, which are in evidence, are not signed by the plaintiff. However, plaintiff does not deny the rendition of advertising based upon these orders.
The issues involved in the case at bar are whether the plaintiff relied on the principal’s credit in transacting business with Palmer, whether the agreements made by Palmer as per insertion orders were contracts between Pennysaver and Palmer thereby relieving Tire Supply of liability and whether the plaintiff made a proper election.
As a general rule, if an agent of a disclosed principal makes an authorized contract with a third party, the liability of the principal thereof depends on the agreement between the agent and the other party to the transaction. (Restatement, 2d, Agency, § 146.)
An agent acting for a disclosed principal may bind himself personally by a contract made in behalf of the principal if he so volunteers or if the other party required it. (Meyer v. Redmond, 205 N. Y. 478; also, Beeman v. May, 193 Misc. 684.)
The acceptance of an offer to do something in exchange for an act is effected by the performance of the act in accordance with the offer. (Payne v. Lautz Bros. & Co., 166 N. Y. S. 844, affd. 168 N. Y. S. 369, affd. 185 App. Div. 904.)
The plaintiff’s acceptance of the agency’s insert orders, completely and without conditions, created a contract between the agency and the plaintiff. The plaintiff having assented to the contract, which by its specific terms excludes the principal as a party, extrinsic evidence is inadmissable to show that he is a party. (Restatement, 2d, Agency, § 150.)
With respect to the question of whether in fact there was a contract between plaintiff and the defendant Palmer, the court has taken notice of paragraph 11 of the plaintiff’s complaint in which the plaintiff alleges that a contract had been entered into between the plaintiff and the defendant Palmer, and that in paragraph 17 of said complaint the plaintiff alleges that it performed the conditions required of it under the said contract.
The complaint, however, does state a cause of action against the defendant principal Tire Supply. Plaintiff, however, contends, in citing the matter of Wakefield Fortune v. Brown (148 N. Y. S. 2d 633) that the plaintiff as a third party may recover from a principal defendant (Tire Supply) where plaintiff has dealt with defendant’s agent. He further cites the case to support ‘ ‘ the presumption that the disclosed principal and not the *270 agent is bound by his contracts on behalf of the principal.” We may however distinguish the Wakefield action from the case at bar, for in that action the principal had given express notice to the plaintiff that further bills were not to be charged to them but to the agent. In the action at bar, Tire Supply did not give express notice that bills were to be charged to Palmer and not to them. There was actual notice given to the plaintiff as appears from the insert orders. There were also telephone calls from Palmer to Pennysaver which certainly put Penny-saver on notice that it would be dealing with Palmer and the insert orders specifically called for Pennysaver to hold Palmer solely liable and to bill Palmer. The facts during the course of the trial indicate that Pennysaver did in fact bill Tire Supply in care of Palmer, .Willson and Worden and that no invoices were forwarded to Tire Supply.
Both parties cite the matter of Flying Tiger Line v. American Bank Note Co. (96 N. Y. S. 2d 618) whereby the defendant (Tire Supply) relying, and the plaintiff distinguishing. The distinction made by plaintiff between the facts in the instant case and those contained by Flying Tiger are addressed to the question of intent. Plaintiff contends that unlike the situation in Flying Tiger, no separate account was maintained for the agent Palmer and there was a prior course of dealing with the principal, Tire Supply; that plaintiff had demanded payment from Tire Supply prior to the commencement of suit, and in conclusion plaintiff urges that notwithstanding the terms of the insert order, its intent was never to look to Palmer for payment or rely solely on his credit. Notwithstanding these distinctions, the court has before it a contract or agreement not existing in the Flying Tiger decision which clearly defines the responsibility of the agent and third party. The court feels that a contract was entered into between plaintiff and defendant Palmer and as previously indicated, the fact of the contract between plaintiff and defendant Palmer is stated in plaintiff’s verified complaint. Although plaintiff is a nonsignatory to the contract, it clearly performed all the requirements of the inserted orders. The order is a standard form used in the advertising industry, as admitted by plaintiff’s employee; and it is undisputed that plaintiff is an advertising medium.
The court further finds that the insertion orders were a unilateral offer to contract. There is therefore, a “ Necessity of acceptance complying with terms of offer. * # * an acceptance must comply exactly with the requirements of the offer, omitting nothing from the promise or performance requested.” (Restatement, Contracts, § 59.) And as it appears *271 from the testimony adduced during the trial, the plaintiff performed exactly in accordance with the terms of the insert orders and is deemed to have accepted the offer and remain bound by its terms.
As a general rule, a contract must be construed according to the express intent of the parties. (Green v. Doniger, 300 N. Y. 238; Delancey Kosher Rest. & Caterers v. Gluckstern, 305 N. Y. 250.)
The words of a contract are always the most important evidence of a party’s intention. (Eddy v. Prudence Bonds Corp., 165 F. 2d 157.)
Although the testimony disclosed that payment had been made to the agent and the agent failed to perform in accordance with the agreement between agent and principal, this fact does not allow recovery by plaintiff against principal.
1 ‘ A disclosed or partially disclosed principal, who is excluded as a party to the contract with the agent, is not liable to the other party merely because of failure of performance by the agent.” (See Restatement, 2d, Agency, § 150, Comment c.)
Joint liability of both principal and agent is inconsistent. Where the party contracts as an agent of a disclosed principal, he binds either his principal or himself but not both. It involves both a practical as well as a legal anomaly. (Gillis v. White, 214 Ala. 22; 3 C. J. S., Agency, § 241.)
In conclusion, the court finds the plaintiff, pursuant to its contract with Palmer, may not hold Tire Supply liable. Judgment in the amount of $1,671.60, together, with costs and disbursements, is awarded in favor of plaintiff against Palmer, Willson and Worden, Inc. Cause of action on the defendant Tire Supply Corporation of Long Island is dismissed.