■ ARTICOLOR GRAPHIC CO., LTD., Appellant, v. AFTER HOURS BOOKS, INC., et al., Defendants, and STANLEY MALKIN, Respondent.—Appeal by plaintiff from an order of the Supreme Court, Queens County, dated May 17, 1968, which granted defendant Malkin's motion to dismiss the complaint as to him. Order reversed, on the law, with $10 costs and disbursements, and motion denied. Said defendant is herewith granted leave to answer the complaint within 10 days after entry of the order hereon. In this action against an individual and eight corporations to recover a balance due for goods sold and delivered, and upon an account stated therefor, the individual defendant, Malkin, moved before answer, pursuant to CPLR 3211 (subd. [a]), to dismiss the complaint as against him for, *inter alia,* failure to state a cause of action. The complaint alleged, in part, that Malkin had represented that he owned and controlled the defendant corporations, that all orders were being made personally by him, and that he would personally pay therefor no matter which defendant corporation would be nominally billed for particular orders at his direction. Upon the verified complaint, answer by the corporate defendants, and numerous affidavits and exhibits submitted by each side, and after hearing counsel for the respective parties, the Special Term held, in part, that it had been conclusively shown that Malkin had been merely acting as an agent for the corporate defendants and that, since it was neither claimed nor shown that he had guaranteed payment by his principals, the complaint as to him should be dismissed for insufficiency. In so doing, the Special Term chose to exercise its power under the statute (CPLR 3211, subd. [c]) to treat the motion as a motion for summary judgment, for its determination was not directed to the sufficiency of the complaint *as a pleading,* on the assumption that all its allegations are true, but was made upon all of the proof adduced. However, in our opinion, the learned Special Term erred, for we find in the conflicting affidavits issues of fact, including the question whether Malkin acted as principal or as agent, resolution of which should be left to a trial (*Falk* v. *Goodman,* 7 N Y 2d 87, 91; *Exchange Leasing Corp.* v. *Bundy,* 29 A D 2d 828; *H & M Heating Utilities* v. *Teplitz,* 24

A D 2d 468, app. dsmd. 16 N Y 2d 1043; *Crowley's Milk Co.* v. *Klein*, 24 A D 2d 920; *Di Donna* v. *Sachs*, 9 A D 2d 576). Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.