■ EMPIRE LIVESTOCK MARKETING COOPERATIVE, INC., Respondent, v L. WALTER BYRD, Doing Business as NORWICH VEAL AND BEEF, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 7, 1979 in Tompkins County, upon a decision of the court at Trial Term, without a jury. The plaintiff sued defendant, L. Walter Byrd, individually, for cattle purchased at auction at two of plaintiff's markets. The court awarded plaintiff a verdict against the defendant in the amount of $3,436.44 for purchases made at Gouverneur Market, but dismissed the claim as to purchases made at the Oneonta Market. At issue at the trial was whether the defendant disclosed his agency status and the identity of his principal to the plaintiff so as to hold the principal solely liable for the purchases made. On this critical point, plaintiff's witnesses' testimony conflicted with that of the defendant and his wife. The issue of credibility was resolved against the defendant. Judgment was granted for all the purchases made where the invoices were signed by the defendant and disallowed as to the one which he did not sign. Defendant contends that the purchases were made by him solely for Norwich

Veal and Beef, Inc., a corporation owned by his wife. He points to the fact that the invoices reflecting the sale were made out by plaintiff's employees to Norwich Veal and Beef and that payment was made by corporate checks. He also claims that he disclosed his principal's name to the plaintiff. A review of the record discloses that there is no reason to disturb the decision of the trial court. Where the judgment depends heavily on the credibility of witnesses as here, the appellate court must weigh the advantage possessed by the trial court which saw and heard the witnesses, and should defer to its judgment (Smith v Smith, 273 NY 380). Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.