■ Edwin M. Roer et al., Respondents, v Cross County Medical Center Corp. et al., Appellants. — In an action, *inter alia,* for specific performance and to recover damages for intentional interference with a contract, defendants appeal from an order of the Supreme Court, Westchester County (Wood, J.), dated April 8, 1980, which denied their motion for summary judgment. Order modified, on the law, by adding after the word "denied", the following: "except that the defendants' motion is granted as to the plaintiffs' first and third causes of action and those causes of action are dismissed." As so modified, order affirmed, without costs or disbursements. Defendant Cross County Medical Center Corp. (CMCC), the lessee of two floors of an office building in Yonkers, New York, entered into a contract by which plaintiff Roer, doing business as Haren Realty Company (hereafter plaintiff), agreed to manage the two floors. CMCC is a wholly owned subsidiary of defendant United Merchants and Manufacturers, Inc. (UMM), and its sole asset was its long-term leasehold interest in the building. When the building was sold, defendant Marx Realty and Improvement Co., Inc. (Marx), became the managing agent for the new owner. The contract between CMCC and the plaintiff contained the following provision: "In the event that [CMCC] shall desire to sell its interest in the subject property, [CMCC] shall first offer to sell said interest to [plaintiff] who shall have the option to purchase such interest upon such terms and conditions as shall be mutually agreeable to both parties. In no event shall [CMCC] sell its interest in the subject property to any third party without first offering to sell such interest to [plaintiff] upon such terms and conditions as are offered to any such third party." CMCC subsequently negotiated separately with both the plaintiff and Marx for the sale of the leasehold. Ultimately CMCC conveyed its interest in the lease to Marx and, as a result, plaintiff commenced this action. Plaintiff contends that he entered a valid contract with CMCC for the sale of the leasehold and, consequently, he seeks damages for the breach. He also seeks damages for the intentional interference with that contract. In addition, plaintiff contends that CMCC breached the above-quoted provision in the management contract which granted the plaintiff a right of first refusal. And plaintiff further seeks damages for the alleged intentional interference with that contractual provision. Finally, plaintiff seeks damages for the alleged breach of a management contract entered into with Marx. The defendants moved for summary judgment dismissing the complaint. Special Term denied the motion in its entirety finding issues of fact requiring a trial. The defendants now appeal. We agree with Special Term that issues of fact exist with respect to whether there was a breach of any right of first refusal enjoyed by the plaintiff and, if so, whether the defendants intentionally interfered with that right. We also agree that there are issues of fact regarding whether Marx breached a management contract with the plaintiff. Accordingly, we hold that the defendants' motion for summary judgment was properly denied with respect to plaintiff's second, fourth and fifth causes of action. In our view, however, the defendants were entitled to summary judgment with respect to the first and third causes of action. It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer (see *Gram v Mutual Life Ins. Co. of N.Y.,* 300 NY 375, 382), and, if qualified with conditions it is equivalent to a rejection and counteroffer *(Poel v Brunswick-Balke-Collender Co.,* 216 NY 310; *Arnold v Gramercy Co.,* 30 Misc 2d 852, affd

15 AD2d 762, affd 12 NY2d 687). At bar, the letters upon which the plaintiff predicates his first cause of action plainly fail to establish a valid contract to purchase the leasehold. UMM's response to plaintiff's initial offer merely expressed interest and listed three conditions. To the extent that this letter constituted a counteroffer, plaintiff's reply was not an absolute and unqualified assent. Thus, no binding contract was formed. (See *Berk & Co. v Derecktor*, 301 NY 110; 9 NY Jur, Contracts, § 41.) Moreover, there can be no cause of action for intentional interference with a contract where no valid contract exists. (See *Israel v Wood Dolson Co.*, 1 NY2d 116.) Accordingly, the plaintiff's first and third causes of action should have been dismissed. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.