■ STONER BROADCASTING OF NEW YORK, INC., Respondent, v K. L. & SPITLER, INC., Doing Business as K-L SPITLER CHEVY OLDS, Defendant, and CONNIE GOTTHARD, Doing Business as NEW DIMENSIONS ADVERTISING, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered July 7, 1981 in Broome County, which granted plaintiff's motion for summary judgment. Between June 4, 1980 and September 4, 1980, defendant Connie Gotthard, doing business as New Dimensions Advertising, contracted with plaintiff, a radio station, for radio advertising on behalf of a client, K. L. & Spitler, Inc. After such services were provided, plaintiff billed the agency and, when payment was not forthcoming, sued Connie Gotthard personally.* After issue was joined, plaintiff moved for summary judgment. Special Term granted plaintiff's motion and this appeal ensued. We reverse. Clearly, a third person who knows that an agent is acting for a disclosed principal in executing a contract cannot hold the agent liable thereon unless it is clear that the agent intended to bind himself personally (*Renel Constr. v Brooklyn Coop. Meat Distr. Center,* 59 AD2d 391, 394-395, affd 46 NY2d 859). Given the pragmatics of a radio station dealing with an agency for advertisers, plaintiff's contention, accepted by Special Term, that the subject contract was between principals is untenable. Next, unless otherwise agreed, an agent for a disclosed principal is not a party to a contract which the former makes for the latter unless the agent pledges his individual responsibility. Here, whether the individual defendant as agent made such a commitment by paying earlier invoices submitted by plaintiff for services rendered the disclosed principal is a question of fact. Defendant's answer properly raised this triable issue. Order reversed, on the law, with costs, and plaintiff's motion for summary judgment denied. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

* Although named as a defendant, it is unclear from the record whether K. L. & Spitler, Inc., was ever served with process.