OWEN STEEL COMPANY, INC., Plaintiff,

v.

GEORGE A. FULLER COMPANY, 45 Broadway Atrium Partners, Parlsford Corporation, Mazel American Partners, Manteca Realty Corporation, N.V., Aramon Realty Corporation, N.V., Lintel Realty Corporation, N.V., Oganti Corporation, N.V., and HRO International, Ltd., Defendants.

No. 83 Civ. 1739 (DNE).

United States District Court, S.D. New York.

May 23, 1983.

Winthrop, Stimson, Putnam & Roberts, New York City, Stokes, Shaprio, Russell & Genberg, Atlanta, Ga., for plaintiff; Sutton Keany, New York City and Herman L. Fussell, Atlanta, Ga., of counsel.

Bachner, Tally & Mantell, New York City, for defendants; H. Richard Penn, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

### EDELSTEIN, District Judge:

This is an action for breach of contract in connection with the construction of a building at 45 Broadway, New York. The contract, entered into on April 8, 1982, provided that plaintiff Owen Steel Company, Inc. ("Owen") would furnish and erect the structural steel and metal decking for the construction of the building. Owen alleges that it fully performed its obligations under the contract and that there is an outstanding indebtedness owed by the defendants in the amount of $966,785.27.

Owen commenced this action on March 7, 1983 by filing a summons and complaint. Owen has alleged three claims seeking recovery of the $966,785.27. The first claim is against defendant George A. Fuller Company ("Fuller"), on the ground that under the contract Fuller, as the agent and general contractor for defendant 45 Broadway Atrium Partners ("45 Broadway"), was obligated to pay Owen. The second claim is against 45 Broadway and its individual partners on the theory that if Fuller is not liable to Owen then as the principals under the contract they are liable. 45 Broadway is a New York partnership whose general partners are defendant Parlsford Corporation ("Parlsford") and defendant Mazel American Partners ("Mazel"). Mazel is a New York partnership whose general partners are four Netherlands Antilles corporations: defendant Manteca Realty Corporation, N.V. ("Manteca"), defendant Aramon Realty Corporation, N.V. ("Aramon"), defendant Lintel Realty Corporation, N.V. ("Lintel") and defendant Oganti Corporation, N.V. ("Oganti"). Owen alleges that defendant HRO International, Ltd. ("HRO") "is in fact the true controller and owner of 45 Broadway." Complaint at ¶ 17. The third claim is against all of the defendants on a *quantum meruit* theory alleging that Owen is owed the above sum for the value of the labor and materials furnished. Jurisdiction is predicated under 28 U.S.C. § 1332.

The defendants, other than 45 Broadway and HRO, have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The moving defendants contend that the complaint should be dismissed as to the individual partners of 45 Broadway because under New York law partners are only jointly, not severally, liable for the performance of partnership contracts. The moving defendants further contend that the action should be dismissed as to Fuller as it was merely acting as an

agent for a disclosed principal, and that under New York law, an agent cannot be held liable for any sums owing by the principal.

 Under § 26 of the New York Partnership Law, partners are only jointly liable for the performance of partnership contracts. This principle has consistently been expressed by the New York courts. *See Seligman v. Friedlander,* 199 N.Y. 373, 376, 92 N.E. 1047 (1910); *Freidman v. Gettner,* 6 A.D.2d 647, 648, 180 N.Y.S.2d 446, 448 (App.Div.1958), *aff'd,* 7 N.Y.2d 764, 194 N.Y.S.2d 35, 163 N.E.2d 141 (1959). Where, however, the assets of the partnership are inadequate to pay the partnership debts or where there is no effective remedy without resort to property of individual partners, then partners may be individually liable for partnership contract liability. *Seligman v. Freidman, supra; Stern v. Low,* 27 A.D.2d 756, 277 N.Y.S.2d 756, 757 (App.Div.1967); *Freidman v. Gettner, supra.* In a recent decision on this issue, *Helmsley v. Cohen,* the Appellate Division struck the complaint as to the individual partners stating:

> absent an allegation that the partnership is insolvent or otherwise unable to pay its obligations, no action lies against the partners individually. . . .

56 A.D.2d 519, 519–20, 391 N.Y.S.2d 522, 523 (App.Div.1977) (citation omitted).

 Owen concedes that it has not al-. leged that 45 Broadway is insolvent. Owen asks this court to infer such allegation from language in the complaint that "45 Broadway Partners is nearly $1,000,000 in arrears as to sums due under the contract . . . [and] that the control and ownership of 45 Broadway Partners may not reside with the partners individually, but rather with a third-party entity." Plaintiff's Reply to Defendants' Memorandum in Support of Motion to Dismiss Complaint ("Plaintiff's Memorandum") at p. 6. Owen argues that these two allegations amount to an implicit allegation of insolvency. The court finds that these arguments provide no basis for such an inference. Thus, the motion as to the individual partners, Parlsford, Mazel, Manteca, Aramon, Lintel and Oganti, is granted.

 The moving defendants also contend that the complaint should be dismissed as to Fuller because Fuller's involvement in the project was limited to acting as agent for a disclosed principal, 45 Broadway, and that under New York law an agent for a disclosed principal is not liable to third parties for any sums owed by the principal. It is clear that this is the rule in New York. As the court recently stated in *Sweeney v. Herman Management, Inc.,*

> The principle has long been established that an agent acting on behalf of a disclosed principal will not be personally bound, absent clear and explicit evidence of the agent's intention to substitute or add his personal liability for or to that of his principal.

85 A.D.2d 34, 36, 447 N.Y.S.2d 164, 166 (App.Div.1982) (citations omitted). *See also Stoner Broadcasting of New York, Inc. v. K.L. & Spitler, Inc.,* 87 A.D.2d 909, 449 N.Y.S.2d 354 (App.Div.1982).

Owen has conceded that 45 Broadway was a disclosed principal, and Fuller merely its agent. *See* Complaint at ¶ 4. However, Owen argues that under the first paragraph of Article XXX of the contract Fuller assumed the responsibility for payments to Owen. That paragraph provides, in pertinent part: "The Contract Price to be paid by the Contractor [Fuller] to the Subcontractor [Owen] shall be . . . $6,450,000." Owen states that this provision "creates a strong possibility of 'clear and explicit evidence'" of Fuller's intention to assume personal liability under the contract. Plaintiff's Memorandum at 8.

 Owen's argument, however, is undercut by subsequent language in the same Article of the contract which provides: "The Owner and not the Construction Manager/Contractor shall be solely obligated to the Subcontractor/Trade Contractor for all sums required to be paid hereunder to the Subcontractor/Trade Contractor." This provision clearly evidences the parties' intention that Fuller would not assume personal liability under the contract. Accordingly the motion as to Fuller is granted.

SO ORDERED.