OPINION OF THE COURT
Lewis R. Friedman, J.
This case raises a question of central importance to the advertising industry: whether an advertising agency is financially liable to a newspaper when it places an advertisement on behalf of a client. The reported decisions in this State do not appear to have resolved that issue.
The facts established in this case tried before the court *863 without a jury are simple. Defendant is a New York City advertising agency "recognized” by The New York Times (The Times). The defendant prepared an advertisement for its client, Worldwide S.O.S., to be printed in The Times. The "insertion order” for the advertisement, on defendant’s form, stated the name of its client, the space required, the date the material was to run, and the price. There is no reference on the form as to who would be responsible for paying the bill.
The advertisement was printed and The Times billed defendant. The bill indicates a "gross” amount, $13,581.12, and a "net” amount, $11,543.95, which is 15% lower. The bill was not paid. The Times sued the agency only, not its client, for the net amount.
Defendant argues that at all times in dealing with The Times it was acting as an agent for a disclosed principal and, therefore, it is not liable for the cost of the advertisement. The Times, to the contrary, contends that it has dealt only with the agency, has no knowledge of its client’s credit-worthiness, and, according to the custom and usage in the industry, the agent should be liable.
The applicable law in this State as to advertising agents is sparse. The reported authorities deal only with whether the principal may be held liable for the advertising placed by the agent. The seminal case is Clarke v Watt (83 Misc 404 [App Term, 1st Dept 1913]). The court there held that a newspaper dealing with an advertising agent had a right to proceed against the principal. The general rule was stated to be that if the advertising agency is acting for a principal known to the newspaper "the defendant [principal] alone would be liable to plaintiff, unless [the paper] gave credit exclusively to the Kohler agency, in which event, of course, the Kohler agency alone would be liable” (83 Misc, supra, at 405-406). The court found that the advertiser should not reap a benefit by failing to pay for its advertisement when the agent absconded. A vigorous dissent by Justice Lehman would have held either that the "agency” was an independent contractor or that the paper had relied solely on the agency’s credit. Huntington Pennysaver v Tire Supply Corp. (59 Misc 2d 268 [Dist Ct, Suffolk County 1969]) applied the same reasoning as the majority in Clarke v Watt and held that the principal was not liable since the agent had made its own arrangement with the paper.
Surprisingly, there have been almost no other reported *864 decisions in the past 75 years. General principles of agency help to determine the outcome of the case. An agent for a disclosed principal is not liable for agreements made in the course of the agency relationship (Aces Mechanical Corp. v Cohen Bros. Realty & Constr. Corp., 136 AD2d 503 [1st Dept 1988]). A "third person dealing with the agent normally intends to contract with the principal if the latter is disclosed. See 1 Restatement (Second) of Agency, Introductory Note, Topic 2, Title A, at 354 (1958).” (Columbia Broadcasting Sys. v Stokely-Van Camp, 522 F2d 369, 375 [2d Cir 1975].) The liability of the principal turns on the agreement between the agent and the third party (Restatement [Second] of Agency § 146).
The parties are free to structure their own relationships. Generally, the agent "will not be personally bound unless there [is] clear and explicit evidence of [the agent’s] intention to substitute or to superadd [his] personal liability” for, or to, that of the principal (Voss v John Lowry, Inc., 225 App Div 507, 511, affd 252 NY 587; Mencher v Weiss, 306 NY 1, 4; Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4; Salzman Sign Co. v Beck, 10 NY2d 63, 66-67; Trenga Realty v Tiseo, 117 AD2d 951; Stoner Broadcasting v K. L. & Spitler, 87 AD2d 909; Sweeney v Herman Mgt., 85 AD2d 34, 36; MacDougal v Birdie Co., 20 AD2d 175, 176; see, Hall v Lauderdale, 46 NY 70, 74; Restatement [Second] of Agency § 147). The agent may voluntarily bind itself to a contract (Meyer v Redmond, 205 NY 478, 482-483; Beeman v May, 193 Misc 684, 685). "For even where there is an agency relationship, the parties may agree that only the agent and not the principal shall be responsible” (Renel Constr. Co. v Brooklyn Coop. Meat Distrib. Center, 59 AD2d 391, 394, affd 46 NY2d 859).
Customs and usage in the industry, the circumstances of the transaction and the form of the actual agreement may be examined to determine the scope of the agreement between the agent and a third party (see, Columbia Broadcasting Sys. v Stokely-Van Camp, 522 F2d, at 376, supra; Restatement [Second] of Agency § 34 [b]). The general rule is that the agent has authority to bind the principal alone and intends to do so (see, Restatement [Second] of Agency §§ 34-36).
The Times provided its "Application for advertising Agency Recognition — 15% Commission” to defendant. That application contains no statement that the agent would be financially liable for advertisements it places on behalf of clients. A portion of the form is a credit application, but there is no *865 statement when the agency’s credit will be relied upon. Indeed, one question asks, separately, whether agency commissions or credit are provided by other media. A credit application to The Times is not stated to be a condition precedent to agency "recognition.”
The rule is that a party asserting an agency defense has the burden of proof as to the agency relationship (Judith Garden, Inc. v Mapel, 73 Misc 2d 810, 813; Empire Livestock Mktg. Coop. v Byrd, 78 AD2d 946; CPLR 3018 [b]). That burden was met here. The Times was aware that the advertisement in question was not for defendant, since the name of the client was disclosed on the insertion order and appears on The Times bill.
Where the identity of the principal is disclosed, there is a presumption that credit is extended only to the principal and not to the agent (RKO-Stanley Warner Theatres v Plaza Pictures, 54 AD2d 623, 624). Therefore, the party asserting that the agent is bound must prove that fact by "clear and explicit” evidence (Mencher v Weiss, 306 NY, at 4, supra; Trenga Realty v Tiseo, supra; Sweeney v Herman Mgt., 85 AD2d, at 37, supra; Beeman v May, supra). The Times has failed to meet its burden.
The documents involved in this transaction do not state that the agent is liable. The "recognition” application, which could easily have contained an agreement as to liability, is silent. Payment by the agency to The Times for an advertisement on a single prior occasion is not sufficient proof that the agency has agreed to use its credit for advertisements (cf., Stoner Broadcasting v K. L. & Spitler, supra). Payment alone does not explain the credit arrangements. Despite the posttrial brief of The Times, there is no proof whatever in the record that there is a custom and usage in the industry by which advertising agents implicitly agree to be liable for the cost of advertisements placed for their clients. The court may not make assumptions about custom and usage or take judicial notice of it (Columbia Broadcasting Sys. v Stokely-Van Camp, 522 F2d, at 376-377, supra).
The Times argues that the granting of a 15% "commission” somehow makes the agent liable. The "commission” consists essentially of a 15% discount from its published rates which The Times allows to certain agents. That does not make the agent liable under any known principle of agency law. When the defendant filled in the "recognition” application, the *866 credit applied for was "$2,000.00 (top amount)”. The Times accepted advertising from the agent and billed over $12,000. Clearly the credit line applied for was inadequate under the circumstances and The Times was not relying solely on the agent’s credit.
The court finds that The Times has failed to prove that the defendant agency is liable for the cost of the advertisement. The complaint is dismissed. The court rejects the substantive defenses offered by the defendant as to the quality of the printing and dismisses the counterclaim for failure of proof.