ALENTINO, LTD., Nas Import Corp., Plaintiffs,

Alentino, Ltd., Plaintiff–Appellant,

v.

CHENSON ENTERPRISES, INC., Defendant–Appellee,

K–World Trading Co., We Care Trading Co., Ltd., Bag–Plus Co., Defendants.

No. 1561, Docket 91–7179.

United States Court of Appeals, Second Circuit.

Argued May 28, 1991.

Decided June 28, 1991.

Barton Denis Eaton, White Plains, N.Y., for plaintiff-appellant.

D. David Cohen, Ziegler & Robinson, New York City, for defendant-appellee.

Before CARDAMONE and WALKER, Circuit Judges, and McKENNA, District Judge.*

PER CURIAM:

Plaintiff Alentino, Ltd. ("Alentino") appeals from a judgment entered in the Southern District of New York (Charles L. Brieant, Judge) dismissing its claims against Chenson Enterprises, Inc. ("Chenson") for infringement of Alentino's copyrighted handbag ornament designs. Because we disagree with the district court's conclusion that Chenson carried its burden of proof on its defense of "accord and satisfaction," we reverse and remand for further proceedings.

In August, 1989, counsel to Alentino sent a letter notifying Chenson, which operates a store selling womens' handbags, that Alentino claimed the copyright to a buckle design used by Chenson on certain handbags. Chenson's counsel wrote back that Chenson would not import or sell the buckle. Then, on Thursday, September 28, 1989, counsel to Alentino hand-delivered a letter to Chenson's counsel offering to give up the right to sue Chenson, "subject to your client's agreement to the following conditions:" (1) Chenson was to recognize Alentino's ownership of the copyright in the buckle design and acknowledge its infringement of that design; (2) Chenson was to report the number of infringing buckles imported and sold by it; and (3) Chenson was to cease and desist by October 2, 1989, from "further shipment, marketing, advertising, promotion, importation, offering for sale and sale of the buckle design or goods bearing same...." The letter then set a two week deadline for return of the executed letter, stating,

> In the event that we do not receive an executed copy of this letter within two (2) weeks of receipt thereof, we will assume that your client is no longer interested in amicably resolving this matter and will guide ourselves accordingly.

After the signature line, the letter contained a blank for acknowledgment by Chenson.

The letter was executed by Chenson's manager, Shu Chin Chen, and returned by facsimile on Friday, October 13, 1989, shortly before 5:00 p.m. Meanwhile, however, in the late afternoon of October 12, Alentino filed a complaint against Chenson, together with three other defendants, for copyright infringement under 17 U.S.C. § 101, *et seq.*, violation of the Lanham Act, 15 U.S.C. § 1125(a), and related state law claims. Chenson thereafter asserted a defense of "accord and satisfaction" based on the September 28 letter.

At trial before the district court, Alentino and Chenson presented the correspondence between them. Chenson then presented the testimony of its manager, Shu Chin Chen, that the offending handbags had been removed from the Chenson store shelves on October 13. Chen later admitted, however, that she had previously testified at a deposition that the offending handbags had not been removed from the sale display until the "legal paper c[a]me," possibly a reference to the service of the complaint on October 18.

After hearing the evidence at trial, the district court, in an oral opinion, stated that Alentino's copyright was valid and that all four defendants, including Chenson, had infringed the copyright. The district court then ruled, however, that Chenson had successfully proven its accord and satisfaction defense. In reaching its conclusion, the district court found that Chenson's execu-

---

* Hon. Lawrence McKenna, United States District Court for the Southern District of New York, sitting by designation.

tion and return of the September 28 letter to Alentino on October 13 was "barely" in compliance with the two week period specified in the letter. The district court also found based on Chen's testimony, that the offending handbags were no longer displayed after October 13, and noted the absence of any evidence indicating the sale of handbags after the signing of the September 28 letter on that date. Alentino then filed this appeal.

■ We review the district court's findings of fact for clear error. *See* Fed.R.Civ. Pro. 52(a). A finding is "clearly erroneous" only when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746, *reh'g denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948).

■ Under New York law, Chenson has the burden of presenting the accord-and-satisfaction defense, including all essential elements. *Conboy, McKay, Bachman & Kendall v. Armstrong*, 110 A.D.2d 1042, 1042, 488 N.Y.S.2d 901, 902 (4th Dept. 1985); *Harrison v. Flushing Nat'l Bank*, 83 Misc.2d 658, 662, 370 N.Y.S.2d 803, 807 (Civ.Ct.1975). Among other things, Chenson must show the existence of an agreement between the parties which settles a dispute between them and its performance of that agreement, *cf. Galusha v. Schur*, 21 A.D.2d 32, 247 N.Y.S.2d 988 (3d Dept. 1964) (plaintiff's demonstration of existence of accord and plaintiff's performance under it entitles plaintiff to obtain performance by defendant), before it may argue that the accord and satisfaction ends Alentino's right to bring suit against it.

■ Here, it was clear error to find that Chenson had shown the existence of an agreement between the parties. Alentino's offer was made in clearly worded terms, and Chenson failed to prove that it accepted those terms in a manner giving rise to an agreement between the parties. "It is a fundamental principle of contract law that a valid acceptance must comply with the terms of the offer...." *Roer v. Cross County Med. Center Corp.*, 83 A.D.2d 861,

861, 441 N.Y.S.2d 844, 845 (2d Dept.1981); *see Hall & Co. v. Continental Casualty Co.*, 34 A.D.2d 1028, 1029, 310 N.Y.S.2d 950, 952 (3d Dept.1970), *aff'd*, 30 N.Y.2d 517, 330 N.Y.S.2d 64, 280 N.E.2d 890 (1972); *Huntington Pennysaver, Inc. v. Tire Supply Corp. of Long Island*, 59 Misc.2d 268, 270, 298 N.Y.S.2d 824, 828 (Suffolk Cty.1969); *see also Devex Corp. v. General Motors Corp.*, 569 F.Supp. 1354, 1363 (D.Del.1983) (offeree "not free to 'accept what was not offered.'" (quoting *Gram v. Mutual Life Ins. Co. of New York*, 300 N.Y. 375, 91 N.E.2d 307, 311 (1950))); 17 Am.Jur.2d Contracts § 62 at 401 (1964).

First, Chenson did not show compliance with the offer letter's clearly stated requirement that Chenson cease and desist from offering for sale and selling handbags bearing Alentino's buckle design by October 2, 1989. At trial, Chenson presented Ms. Chen's testimony that the handbag display had been removed on October 13; Alentino contended that the display had been removed subsequently, if at all. The district court ruled in Chenson's favor. The finding, however, was not relevant to the October 2 requirement stated in the offer letter. Chenson failed to present any evidence of compliance with that requirement.

Second, the evidence showed that Chenson did not timely execute and return the letter and therefore did not validly accept Alentino's offer to settle the case. The letter specified that Chenson needed to reply within two weeks, or the offer would be terminated. It is undisputed that Chenson's counsel faxed the letter to Alentino fifteen days after its hand-delivery to the office of Chenson's counsel.

Chenson argues only that the language of the letter was ambiguous in certain respects—that it did not state a "strict" two week requirement and that it was unclear as to whether the two weeks were to be counted from the receipt of the letter by Chenson's counsel, or by Chenson. These arguments are unavailing. We detect no ambiguity in the language of the September 28 letter, and in any event, Chenson

offered no evidence whatsoever in support of its interpretation of the letter.[1]

■ Finally, we note that Alentino never led Chenson to believe that the parties had reached a settlement agreement. Rather, Alentino brought suit two weeks after its delivery of the September 28 letter—immediately upon the termination of the offer. In short, there is no reason whatsoever on this record to hold Alentino to a settlement offer that was no longer in existence when Chenson attempted to accept it. We conclude that Chenson failed to prove its defense of accord and satisfaction and that Alentino should have been permitted to pursue its legal claims against Chenson. Accordingly, we reverse the dismissal of Alentino's claims against Chenson and remand for further proceedings not inconsistent with this opinion.

---

**1.** We do not reach Alentino's further argument that Chenson's use of facsimile was not a valid means of accepting the September 28 letter.