GOLF DIGEST/TENNIS, INC.,
Plaintiff–Appellant,

v.

DIODE, INC., f/k/a Satellite Technology
Service, et al., Defendant–
Respondent.

No. 62445.

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 2, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 31, 1993.

Kramer & Frank, P.C., Kathy Van Quinerly, St. Louis, for plaintiff-appellant.

Greensfelder, Hemker & Gale, P.C., Lawrence S. Denk, John W. Moticka, St. Louis, for defendant-respondent.

KAROHL, Chief Judge.

Plaintiff, Golf Digest/Tennis, Inc. appeals from a summary judgment entered in favor of defendant advertising agency, Kerlick, Switzer and Johnson Advertising, Inc. [KSJ] in a suit for advertising services. We reverse and remand.

On December 14, 1988, KSJ sent an Insertion Order to plaintiff requesting placement of an ad in the March 1989, Golf Digest magazine. The ad was placed for KSJ's client, Diode, Inc. f/k/a Satellite Technology Service. The Insertion Order stated Diode was to be billed directly and included a statement that defendant was the agent of Diode. Additionally, the Order established defendant's duty to make good faith efforts to aid plaintiff in collection from Diode and forward such money to plaintiff.

After plaintiff sent two Confirmations of Order to KSJ reflecting changes to the descriptions of the advertisement, a final Confirmation of Order was sent December 27, 1988. The Order acknowledged placement of the ad and the net rate of $35,-131.35. The Order also explained that it was subject to the terms and provisions of the Rate Card and changes made, to or

through this or other documents in the transaction, did not bind plaintiff.

Plaintiff began billing Diode on February 10, 1989. Lack of success in collecting on the account prompted plaintiff to file this lawsuit on March 21, 1990, against Diode and KSJ, alleging non-payment of advertising services. A two count Amended Petition for Breach of Contract and For Other Relief was filed on September 25, 1990. In Count I, plaintiff alleged the breach of contract claim against KSJ and Diode, claiming joint and several liability. Count II is an alternative action on account solely against Diode.

On March 29, 1991, KSJ filed a Motion for Summary Judgment on Count I and attached various documents. It argued:

> ... there is no genuine issue of any material fact that: (i) KSJ disclosed to Golf Digest that KSJ placed the order for print advertisement at issue here on behalf of STS, and (ii) KSJ disclosed to Golf Digest that STS, alone, would be liable for the cost of such advertisement.

Golf Digest opposed the motion by referring to provisions of the Rate Card, incorporated in it's Confirmation Order, which contained the following language:

### Contract & Copy Regulations

a. Agency agrees on behalf of advertiser that upon material default in payment *by agency*, advertiser guarantees payment thereof ...

d. *Publisher will not be bound by any conditions*, printed or otherwise on contracts, orders or copy instructions when such conditions conflict with his policies. (Our emphasis).

It then argued an agent of a disclosed principle may be held personally liable to a third party for breach of contract if the parties to the contract agree upon personal liability of the agent. *Wired Music, Inc. v. Great River Steamboat Co.*, 554 S.W.2d 466, 468 (Mo.App.1977).

The trial court granted summary judgment in favor of KSJ. Thereafter, a consent judgment was entered against Diode for the full amount due.

■ In reviewing the entry of summary judgment, we must determine if any genuine issue of material fact exists which would require a trial and determine if the judgment is correct as a matter of law. *Meyer v. Enoch*, 807 S.W.2d 156, 158 (Mo. App.1991). Summary judgment is appropriate only when the record discloses no theory that would permit recovery and the moving party is entitled to summary judgment as a matter of law. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.1990). Both the appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. *Erickson v. Pulitzer Publishing Co.*, 797 S.W.2d 853, 857 (Mo.App.1990).

■ The basic question before the trial court was whether an agent, acting on behalf of a disclosed principal, was liable on a contract. There is a presumption that it was the agent's intention to bind his principal and not to incur personal liability, and an agent will not be bound personally, except upon clear and explicit evidence of an intention to be bound. *Benson Optical Co., Inc. v. Floerchinger*, 810 S.W.2d 531, 534 (Mo.App.1991).

■ Nowhere in the legal file or briefs do the parties argue no contract exists. In this case, the parties are disputing how the various documents integrate in the formation of a contract. Essentially, the case requires an interpretation of plaintiff's Rate Card and Confirmation of Order and Defendant's Insertion Order. There are also issues regarding industry practice and changes KSJ attempted to make to the documents. The issue of contract interpretation and, therefore, intent of the agent is one of fact to be determined by the trier of fact. *Toledo Broadcasting v. Stockton, West et. al.*, 60 Ohio Misc.2d 1, 572 N.E.2d 266, 269 (Ohio Mun.1990); *see also Ingram v. Lupo*, 726 S.W.2d 791, 796 (Mo.App. 1987). Here, the trial court ignored the fact disputes and made a determination as a matter of law.

Defendant relies on *New York Times v. Glynn–Palmer Assoc.*, 138 Misc.2d 862, 525 N.Y.S.2d 565 (N.Y.City Civ.Ct.1988) for the proposition that in the advertising busi-

ness, an agent is not liable for the debts of a disclosed principal. Reliance on this New York case is misplaced. Unlike the current case, *Glynn–Palmer* represents an appeal after a trial on the merits. The evidence adduced supported the conclusion the agent was not liable because nowhere in the documents was an intent to be bound discernable.

The rule of law cited by KSJ regarding the absence of liability of an agent working for a disclosed principal from *Glynn–Palmer* could be applicable in the current case. It would not apply upon showing an agreement or intent to be bound on the part of the agent. *Benson Optical*, 810 S.W.2d at 531. In order to apply the proper rule, the facts of the individual case must be deciphered as was done in *Glynn–Palmer*. KSJ, in it's brief, relies only on it's interpretation of the contract. This merely highlights that genuine issues of material facts still exist with respect to the agent's intent and agreement to be bound. Because this determination is necessary, entry of summary judgment was improper.

Reversed and remanded.

CRANDALL, P.J., and PUDLOWSKI, J., concur.