■ In the Matter of GEOFFREY P. JONES, Appellant, v BOARD OF EDUCATION, LISBON CENTRAL SCHOOL DISTRICT, Respondent. [605 NYS2d 441] —Mercure, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered August 10, 1992 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination not to hire petitioner as its 1991 summer driver education teacher.

It is undisputed that petitioner is a Board of Cooperative Educational Services (hereinafter BOCES) teacher "excessed" by a takeover of the BOCES driver education program in the

Lisbon Central School District in St. Lawrence County and, as such, is entitled to the benefit of Education Law § 3014-b. Recognizing petitioner's seniority rights under Education Law § 3014-b (2) and (3), in May 1991 respondent offered petitioner a position in its summer driver education program, to be conducted from 8:00 A.M. to 11:45 A.M. on Monday through Friday from July 1, 1991 to August 13, 1991, at a total salary of $2,000. Although the offer indicated that anything other than agreement with all conditions "with no added stipulations" would be considered a refusal, by his written response petitioner accepted the position but not the stated salary. Rather, he expressly reserved his right to "a review of that salary in the appropriate forum". Respondent hired someone else to fill the position, prompting this CPLR article 78 proceeding in the nature of mandamus to compel, *inter alia,* respondent's compliance with Education Law § 3014-b. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Because the position that was offered to petitioner provided for service of less than four hours per day, it is deemed to be part time *(see, Matter of Niver,* 22 Ed Dept Rep 421, 424; *Matter of Grochowski,* 8 Ed Dept Rep 192). As such, the mandatory salary provisions of Education Law § 3101 (3) do not apply and respondent was authorized to fix the compensation for the position, as it did *(see,* Education Law § 3101 [1]; *Matter of Niver, supra; Matter of Grochowski, supra).* There being no legal basis for petitioner's challenge to the salary fixed by respondent, respondent was entitled to view petitioner's refusal to accept its offer on the stated terms as a rejection *(see, Roer v Cross County Med. Ctr. Corp.,* 83 AD2d 861), thereby permitting it to offer the position to someone else. Implicit in our analysis is the rejection of the unsupported contention that, taking class preparation time into account, the position involves more than four hours per day.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.