■ ALBANY MIRON LUMBER CORP., Respondent, v PATRICK E. PELLERIN, Appellant, et al., Defendants. [650 NYS2d 413] —Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Keegan, J.), entered November 7, 1995 in Albany County, upon a decision of the court in favor of plaintiff.

Defendant Patrick E. Pellerin (hereinafter defendant) contends that Supreme Court mistakenly found him personally liable for moneys owed to plaintiff for goods sold and delivered in 1992; defendant asserts that these amounts were properly chargeable only to his corporation, Pellerin Homes, Ltd. We disagree.

At a bench trial, defendant testified that he ceased doing business with plaintiff in his individual capacity shortly after reactivating and renaming the corporation in November 1988, and that he informed plaintiff's representative of his incorporation at that time. Given that defendant's testimony at trial differed materially from his earlier account of his relationship with plaintiff, Supreme Court was at liberty to reject his testimony, in whole or in part (*see, Harkins v Felice's of Patchogue*, 60 AD2d 880). In particular, it appears from the record that it was only after defendant discovered that Kenneth Miron was no longer associated with plaintiff—and thus was apparently less likely to be available to testify on its behalf—that he began to aver that it was Miron to whom he had disclosed the fact of his incorporation. Prior to that time, in response to interrogatories propounded by plaintiff, defendant swore otherwise.

This changed testimony, together with the lack of any other

indication that defendant had informed plaintiff that he was acting on behalf of the corporation, and the documentary evidence, which demonstrated that defendant had continued to accept invoices addressed to "Pellerin Builders", the name under which he had been doing business as a sole proprietor, provided ample basis for Supreme Court's factual conclusion that defendant had not disclosed his change in status to that of a corporate agent, and hence that he was liable for the debts at issue (*see*, *Empire Livestock Mktg. Coop. v Byrd*, 78 AD2d 946).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.