■ M. SOBOL, INC., Appellants, v MARTIN GOLDMAN, Individually and Doing Business as JACOBSON's DRUG & SURGICAL, Respondent, et al., Defendant. [686 NYS2d 477] —In an action to recover payment for goods sold and delivered, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated June 26, 1998, as granted the motion of the defendant Martin Goldman to dismiss the complaint insofar as asserted against him individually for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

As a general rule pleadings should be liberally construed and a complaint should not be dismissed for failure to state a cause of action when a cause can be discerned in the facts alleged, no matter how poorly those facts are stated (*see, Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286, 292). The complaint is sufficient as a pleading to state a cause of action against the defendant Martin Goldman to recover a balance due for goods sold and delivered (*see, Articolor Graphic Co. v After Hours Books,* 32 AD2d 548). Furthermore, to the extent that the Supreme Court treated the motion as one for summary judgment (*see,* CPLR 3211 [c]), we find that the conflicting affidavits create triable issues of fact as to whether Goldman acted as a principal or an agent with respect to the orders reflected in the invoices and account statements (*cf., Schneider Fuel Oil v DeGennaro,* 238 AD2d 495). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.