■ TIME WARNER CITY CABLE, Appellant, v ADELPHI UNIVERSITY, Respondent, et al., Defendants. [813 NYS2d 114]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 6, 2004, as granted the motion of the defendant Adelphi University for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Adelphi University.

The defendants Smart Advertising, Inc., doing business as Fairbrother & Company (hereinafter Smart), and Gold Communications, Inc. (hereinafter Gold), purchased airtime on the plaintiff's cable television systems for the periodic broadcast of advertisements promoting Adelphi University (hereinafter Adelphi). Although the plaintiff submitted invoices to Smart and Gold in connection with the broadcasts, neither Smart nor Gold fully paid the invoices. The plaintiff thereafter commenced the instant action against Smart, Gold, and Adelphi, seeking recovery of the unpaid fees. The Supreme Court granted Adelphi's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

Adelphi did not make out a prima facie case for summary judgment. There is a triable issue of fact as to whether Smart and Gold purchased the broadcast airtime in their capacities as agents, acting on behalf of Adelphi, as their disclosed principal, and thus whether Adelphi is liable for the payment of the fees to the plaintiff (*see Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423 [2000]; *M. Sobol, Inc. v Goldman*, 259 AD2d 526 [1999]). A principal-agent relationship may be established by evidence of the "consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act . . . The agent is a party who acts on behalf of the principal with the latter's express, implied, or apparent authority" (*Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146 [1993]; *see Dynas v Nagowski*, 307 AD2d 144, 147-148 [2003]). The deposition testimony of Adelphi's Vice President, Timothy Burton, raised triable issues of fact as to whether Adelphi exercised the necessary degree of control over Smart and Gold to create a principal-agent rela-

tionship, and the deposition testimony of the plaintiff's senior account executive Frank Garcia raised triable issues of fact as to whether Smart and Gold had actual, implied, or apparent authority to obligate Adelphi in connection with the purchase of the broadcast airtime, and whether the custom and practice in the television advertising industry obligated the advertiser to pay for broadcast airtime (*see Kaziu v Celluzziele LLC,* 303 AD2d 721 [2003]; *11 Duke St. v Ryman,* 280 AD2d 429 [2001]; *Arol Dev. Corp. v Whitman & Ransom,* 215 AD2d 145, 146 [1995]; *New York Times Co. v Glynn-Palmer Assoc.,* 138 Misc 2d 862 [1988]). Thus, the Supreme Court should not have granted Adelphi's motion for summary judgment dismissing the complaint insofar as asserted against it.

Contrary to the Supreme Court's determination, where the circumstances raise the possibility of a principal-agent relationship, and no written authority for the agency is established, questions as to the existence and scope of the agency must be submitted to a jury (*see Roach v Szatko,* 244 AD2d 470, 472 [1997]; *see also Hedeman v Fairbanks, Morse & Co.,* 286 NY 240, 248-249 [1941]; *Fogel v Hertz Intl.,* 141 AD2d 375, 376 [1988]; *Stark v Fry,* 129 AD2d 237, 239-240 [1987]; *Nojaim Bros. v CNA Ins. Cos.,* 113 AD2d 109, 112 113 [1985]; *Garcia v Herald Tribune Fresh Air Fund,* 51 AD2d 897 [1976]).

Moreover, the Supreme Court erred in its determination that the status of Smart and Gold as independent contractors precluded a finding that they were also Adelphi's agents (*see Kenny v Fuller Co.,* 87 AD2d 183, 191 [1982]; *see also Columbia Broadcasting Sys., Inc. v Stokely-Van Camp, Inc.,* 522 F2d 369, 375-376 [1975]; *Ackert v Ausman,* 29 Misc 2d 962, 967 [1961], *affd* 20 AD2d 850 [1964]).

The plaintiff argues in its brief on appeal that the Supreme Court erred in denying its cross motion, inter alia, for leave to renew its prior motion for summary judgment in its favor. However, the plaintiff limited its notice of appeal to that part of the order which granted Adelphi's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff did not appeal from the provision of the order denying its cross motion. " 'An appeal from only part of an order constitutes a waiver of the right to appeal from other parts of that order' " (*532 Realty Assoc. v Spearhead Sys.,* 1 AD3d 476, 476, 477 [2003], quoting *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133 [1986]). Accordingly, that issue is not properly before us.

The parties' remaining contentions are without merit. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.