Vinn Auto LV, Inc. v Ray Catena Corp. (2018 NY Slip Op 05518)





Vinn Auto LV, Inc. v Ray Catena Corp.


2018 NY Slip Op 05518


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-00419
 (Index No. 13419/11)

[*1]Vinn Auto LV, Inc., et al., respondents, 
v
Ray Catena Corp., doing business as Ray Catena Lexus, et al., appellants, et al., defendants.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant Ray Catena Corp., doing business as Ray Catena Lexus.
Tumelty & Spier LLP, New York, NY (John Tumelty of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Ray Catena Corp., doing business as Ray Catena Lexus, and Jeff Hapoienu appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated May 28, 2015. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against them.
ORDERED that the appeal by the defendant Jeff Hapoienu is dismissed as abandoned pursuant to a letter dated November 6, 2017; and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Ray Catena Corp., doing business as Ray Catena Lexus; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Ray Catena Corp., doing business as Ray Catena Lexus.
As is relevant to this appeal, the plaintiffs commenced this action against the defendant car dealership Ray Catena Corp., doing business as Ray Catena Lexus (hereinafter the dealership), asserting causes of action alleging breach of contract, fraud, unjust enrichment, and unlawful conversion. However, the plaintiffs have withdrawn the causes of action alleging fraud, unjust enrichment, and unlawful conversion insofar as asserted against the dealership.
In their complaint, and in the depositions of the plaintiffs' principals, the plaintiffs alleged that, beginning in 2006, they began purchasing multiple vehicles from the dealership through one particular sales representative, Sang Chul Suh, also known as Paul Suh (hereinafter Suh). The plaintiffs bought the vehicles for the purpose of exporting them to clients outside the United States. As a sales representative for the dealership, Suh located vehicles for the plaintiffs, negotiated a price, and directed the plaintiffs to transfer funds to the dealership before they took possession of the vehicles. In 2010, at Suh's direction, the plaintiffs began sending payments for the vehicles to a third party, a separate corporate entity, the defendant Great Wall Printing Corp. (hereinafter Great Wall). [*2]The plaintiffs alleged that Suh told them that Lexus changed its policy regarding sales of vehicles for export, necessitating the directing of payments to Great Wall as an intermediary to the dealership. The plaintiffs completed 21 transactions, totaling $1,246,294, by wiring funds to Great Wall, and received all of the vehicles that were the subject of those transactions. However, between April and June of 2010, the plaintiffs transferred funds to Great Wall via six separate wire transfers totaling $459,614 for the purchase of six vehicles, but the dealership did not provide the vehicles that were the subject of those transactions.
The dealership's sales manager testified at a deposition that Suh was a sales associate at the dealership, and that Suh periodically sold cars to Great Wall. The sales manager testified that he did not know what happened to the cars after they were sold to Great Wall. He testified that Suh did not seek approval for the sale of the six vehicles which are the subject of this action, that those vehicles had never been owned by the dealership, and that the dealership had not received the funds that the plaintiffs alleged they had wired to Great Wall for those vehicles.
The dealership, among others, moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. They annexed to the motion, among other things, the complaint and transcripts of the parties' deposition testimony. In an order dated May 28, 2015, the Supreme Court, inter alia, denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the dealership.
Contrary to its contention, the dealership failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract insofar as asserted against it, as it failed to eliminate triable issues of fact as to Suh's authority to act on behalf of the dealership (see Time Warner City Cable v Adelphi Univ., 27 AD3d 551, 552). Accordingly, we agree with the Supreme Court's denial of that branch of the dealership's motion which was for summary judgment dismissing that cause of action insofar as asserted against it.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court